**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| LAYLA KIANI, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 04-CV-11838-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, ET AL. | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' MOTION**
**(1) TO DISMISS COUNTS I, II, AND V THROUGH X OF THE COMPLAINT**
**AND (2) TO DISMISS THE INDIVIDUAL DEFENDANTS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Trustees of Boston University, et al. (the "University"), file this motion to dismiss Counts I, II, and V through X of the complaint. The University also seeks dismissal of the individual defendants.

Count I alleges breach of contract. This claim must be dismissed because Plaintiff's allegation that the University violated its own disciplinary regulations is false. Further, as a matter of longstanding judicial principle in this jurisdiction, courts are reluctant to interfere with academic disciplinary matters.

Count II alleges that the University violated Plaintiff's rights under the due process clause of the Fourteenth Amendment of the United States Constitution. This claim must be dismissed because Boston University is a private institution. It is not a state actor and its academic and disciplinary decisions are not actions of the state.

Counts V and VI allege fraud and conspiracy to commit fraud. These counts must be dismissed because Plaintiff does not allege the elements of either fraud or conspiracy. Her charge that the University intentionally took her tuition for three years for the purpose of gaining access to her funds before it dismissed her flies in the face of common sense.

Count VII alleges unlawful discrimination pursuant to Massachusetts General Laws, Chapter 151B. This claim must be dismissed because Chapter 151B prohibits discrimination in employment. Its analog, Chapter 151C, does not support this claim either, because that statute prohibits educational institutions from discriminating in their <u>admissions</u> policies.

Count VIII, alleging unjust enrichment, must be dismissed because it is subsumed by Plaintiff's breach of contract claim. Count IX, conversion, must be dismissed because Plaintiff has failed to allege that the University "wrongfully exercised improper dominion and control" over revenues it received from Plaintiff's tuition. And Count X must be dismissed because Plaintiff has failed to meet the standards set forth in <u>Agis v. Howard Johnson Co.</u>, 371 Mass. 140, 355 N.E.2d 315 (1976), for alleging claims of intentional infliction of emotional distress.

The University seeks the dismissal of the individual defendants: former Dean Ronald Cass, Professors Andrew Kull and Wendy Mariner, and Assistant Dean Christine Marx. Professor Kull and Dean Marx are not even mentioned in the body of the complaint. Certain actions are attributed to Dean Cass and Professor Mariner, but none of these actions support any of the causes of action. Rather, the allegations support the University's position that the individual defendants complied with the School of Law's Disciplinary Regulations when it addressed charges that Plaintiff had committed plagiarism.

Defendants request oral argument on this motion.

                    Respectfully submitted,

                    TRUSTEES OF BOSTON UNIVERSITY, <u>ET</u> <u>AL.</u>,
                    By their attorney,

                    <u>s/Lawrence S. Elswit</u>
                    Lawrence S. Elswit
                    (BBO #153900)
                    Boston University
                    Office of the General Counsel
                    125 Bay State Road
                    Boston, Massachusetts  02215
Date:  September 20, 2004      (617) 353-2326