UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAYLA KIANI,<br><br>  Plaintiff,<br><br>        vs.<br><br>TRUSTEES OF BOSTON UNIVERSITY, <u>ET</u> <u>AL.</u><br><br>  Defendants. | CIVIL ACTION NO. 04-CV-11838-PBS |

JOINT PRE-TRIAL STATEMENT

Pursuant to Local Rule 16.1 of the Rules of the United States District Court for the District of Massachusetts, the parties, through counsel, state that they have conferred and jointly submit this Pre-Trial Statement to the Court in compliance with Local Rule 16.1(B), (C), and (D).

1. Pre-Discovery Disclosures:

The parties have agreed to the timely exchange of information as required by Fed. R. Civ. P. 26(a)(1) and further agree that the Court's response to the University's motion to dismiss, now pending, will determine the scope of those disclosures.

2. Discovery Plan:

(a) The University will require discovery on the nature of Plaintiff's disability; the extent of Plaintiff's communication with University employees regarding her disability; the extent and nature of Plaintiff's requests for accommodations; the impact of Plaintiff's disability upon her academic performance; the impact of Plaintiff's disability on her ability to understand the concept of plagiarism in an academic environment. The University may also require additional discovery after this Court rules on its motion to dismiss.

(b) Plaintiff will require discovery on the following matters:

(1) The school policies of the defendant Trustees of Boston University concerning handicapped students; the extent and nature of their previous involvement and interactions with other handicapped students; the extent and nature of their previous involvement and interactions with plagiarism issues and the outcome of any previous proceedings concerning plagiarism; the degree of accommodations afforded other handicapped students throughout the history of the School; the extent and nature of the School's involvement in any legal proceedings concerning handicapped students; the extent and nature of the School's involvement in any legal proceedings concerning plagiarism; the extent and nature of their interactions and communications with the various defendants regarding handicapped-student issues in general and the plaintiff in particular; and the nature and history of the document-retention policies and procedures of the School;

(2) The extent and nature of the defendant Cass's involvement and interactions, if any, with the Plaintiff, as well as with the issues surrounding the previous and current plagiarism charges and subsequent proceedings concerning any of the defendant University's students; the extent and nature of all communications with the other defendants and any other party concerning handicapped students in general and the plaintiff in particular;

(3) The extent and nature of the defendant Mariner's involvement and interactions, if any, with the plaintiff, as well as with issues surrounding the plagiarism charges and subsequent proceedings; the extent and nature of all communications with the other defendants and any other party concerning handicapped students in general and the plaintiff in particular;

(4) The extent and nature of the defendant Kull's involvement and interactions, if any, with the plaintiff as well as with issues surrounding the plagiarism charges and subsequent proceedings; the extent and nature of all communications with the other defendants and any other party concerning handicapped students in general and the plaintiff in particular; and

(5) The extent and nature of Defendant Marx's involvement and interactions, if any, with the plaintiff, as well as with issues surrounding the plagiarism charges and subsequent proceedings; the extent and nature of all communications with the other

defendants and any other party concerning handicapped students in general and the plaintiff in particular.

The plaintiff may require additional discovery after this Court has ruled on the defendants' Motion to Dismiss.

Each party may submit twenty-five interrogatories, two requests for production of documents, and twenty-five requests for admissions to the other party.

The parties disagree as to the meaning of the term "Party".

The following are the suggestions of the parties regarding their disagreement:

*(a)* **Defendants' suggestion:** As used herein, the word "party" shall mean Layla Kiani, the plaintiff; and Trustees of Boston University, Ronald Cass, Andrew Kull, Wendy Mariner and Christine Marx, as *one defendant.*

(b) **Plaintiff's suggestion:** As used herein, the word "party" shall mean Layla Kiani, the plaintiff; and Trustees of Boston University, Ronald Cass, Andrew Kull, Wendy Mariner and Christine Marx, as *individual defendants.*

Each party (as defined in the preceding paragraph) may take a maximum of ten depositions.

Reports prepared by retained experts under Fed. R. Civ. P. 26(a)(2) are due from Plaintiff no later than ninety days before the date of trial, and from the defendants, no later than sixty days before the date of trial.

Counsel for the University states that his clients have authorized the taking of all necessary steps to secure dismissal of all claims. Counsel has advised his clients of the cost of discovery as described herein, and the possible costs of trial.

Counsel for the plaintiff states that he has advised his client of the costs of discovery as described herein, and the possible costs of a trial.

3.  Settlement Proposal:

Plaintiff has not submitted a settlement proposal to the University. However, counsel for the University has conferred with his clients and advises the Court that, at this juncture, the University has no interest in settling this case, and does not consider Alternative Dispute Resolution to be a feasible alternative to litigation. The parties do not wish this matter referred to a Master or Magistrate Judge.

Counsel for both parties respectfully suggest that they will be better able to estimate the pre-trial schedule for this case following this Court's ruling on the University's motion to dismiss.

Respectfully submitted,

LAYLA KIANI,
By her attorney,

_____
Ben Tahriri
(BBO #652042)
343 Washington Street
Newton, Massachusetts 02458
Date: October 14, 2004                    (617) 965-1090


TRUSTEES OF BOSTON UNIVERSITY, ET AL.,
By their attorney,

_____
Lawrence S. Elswit
(BBO #153900)
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215
Date: October 14, 2004                    (617) 353-2326

- 4 -