school was for Ms. Kiani caused her to ignore those warnings. That the fact Ms. Kiani may have been overwhelmed is no excuse for actions. Her motives, however, are a relevant factor for sentencing, which is why I support the judgment Ms. Kiani should only be suspended for a period of six months starting June 1, 2003.

Dissenting opinion by Professor Harper,

Ms. Kiani, in the four papers covered by the charges in this case, as well as in the papers submitted to Professors Kull and Silbaugh noted in the majority opinion, repeatedly and extensively used the works of others, without adequate attribution, in a way that must have misled the recipients of these papers. The only issue in the case is whether Ms. Kiani did so with the "intent to pass" the "materials" of others "off as her own." Did Ms. Kiani, in other words, intend to mislead her professors?

I am not convinced that she had such intent. An individual with sufficient intelligence to obtain admission to this law school and to maintain even minimally satisfactory grades could be expected to show some modicum of guile when committing plagiarism. Ms. Kiani's course of conduct, by contrast, evinces a complete lack of cunning. As far as I could determine, in every instance in which she failed to provide adequate signals to her professor as to the source of her language, she either cited the source from which she took this language or, in some cases where the source of the language itself cited another primary source, the primary source itself. This practice, even in the absence of pinpoint or jump cites, of course made discovery and documentation of her inadequate attribution much easier than the plagiarism of the typical guileful student.

I understand that some plagiarists are sufficiently indolent and arrogant to cite all the sources from which they deceitfully draw. But I cannot understand Ms. Kiani's conduct as an example of such indolence and arrogance. I have particular difficulty understanding as intentionally deceitful her conduct after Professor Kull discovered her inadequate attribution on the paper she submitted at the end of the fall 2002 term. After being charged with plagiarism by one instructor, a student intending to deceive other instructors could be expected to become more covert and devious. Ms. Kiani did not. In papers written after learning of Professor Kull's reaction to her work for him, Ms. Kiani started introducing some of her 'unquoted and unindented' quotes with some general language meant to attribute, such as "according to", but she did nothing more devious. Indeed, in a paper for Professor Mariner Ms. Kiani, not just once, but multiple times, used language from Professor Mariner's own articles, flagging her use of this language with citations and "according to" introductions, but without quotations or block indentations. Furthermore, in Professor Silbaugh's course, after Professor Kull's charges against her, Ms. Kiani did not make her delinquent use of sources more covert in the face of a clear warning on Professor Silbaugh's assignment sheet stating that "every paper" will be checked "for plagiarism" and that "[y]ou may not copy any part of another text without quotation marks."