To be sure, it is also difficult to believe that any individual with sufficient intelligence to obtain admission to this law school and to maintain even minimally satisfactory grades could fail to understand that not using quotation marks or block indentations would mislead professors concerning the source of her language, or that professors when assessing the quality of her work would care only about the source of her ideas and not the source of her language. But ultimately I find Ms. Kiani's conduct to be more readily explicable as reckless negligence and incompetence, than as intentional deceit. Her use of quotations marks in the brief (though not the memorandum) that she wrote for her first year writing seminar suggest that she knew that such marks made legal writing more persuasive. She obviously could have and should have understood that such marks, or indentations, are needed to communicate the actual source of words. Her failure to so understand, and even more so her failure to exert the effort necessary to achieve such understanding after her experience with Professor Kull and the clear warning from Professor Silbaugh, might be explained by her apparent drug-induced enervation and the daunting nightmare that law school became for her.

I agree that explaining her behavior is not equivalent to excusing it. Ms. Kiani, like any other student, must be considered responsible for her behavior. The standard for plagiarism in our regulations, however, requires an intent to deceive; it is not satisfied by even reckless negligence or egregious incompetence. And I simply have not been convinced that Ms. Kiani's behavior, however reckless or egregious, was intended to deceive her professors.