UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. **04-CV-11838-PBS**
Honorable Patti B. Saris

|  |  |
|---|---|
| LAYLA KIANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **PLAINTIFF'S MOTION TO EXTEND THE TIME FOR DISCOVERY** |
| ) | |
| ) | |
| ) | |
| TRUSTEES OF BOSTON UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Layla Kiani, hereby moves this honorable Court to extend the time for conducting discovery. She is respectfully requesting that the time for discovery be extended by thirty days. As the reasons for her Motion, she submits the following brief and the accompanying exhibits.

**FACTUAL BACKGROUND**

In the spring of 2003, Defendants charged Plaintiff, a handicapped law student, with plagiarism. See Complaint, p. 4. Defendants then assembled a "Judicial Discipline Committee," which on September 12, 2003, heard the case against Plaintiff. Plaintiff was not afforded her right to remain silent, as required in the Defendants' disciplinary regulations. In her complaint, Plaintiff had alleged that Defendants had breached their contract with her. See Id. Moreover, during the period of three years, which Plaintiff spent at Defendants' law school, she was also refused reasonable accommodations, in particular Defendants denied her request for a stenographer. In her complaint, Plaintiff has alleged that Defendants have violated the provisions of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., P.L. 101--336, 104 Stat. 328 (1992); (2) § 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 (1988). See Complaint, p. 6.

On October 18, 2004, this Honorable Court set a deadline for discovery to end on April 29, 2005. Subsequently, however, Defendants submitted several motions to dismiss. On Dec. 16, 2004, this Court made a final decision on the Defendants' Motions to dismiss, granting them in part and denying them in part. By February 7, 2005, Plaintiff had sent Defendants' attorney, the Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents. By assent of Plaintiff, Defendants responded on April 1, 2005. In their responses, Defendants had failed to completely respond or provide the requested information as required under Federal Rules of Civil Procedure 33 and 34. In fact, most of the hard-copy materials, provided as the Defendants' response, were documents, which Plaintiff had already possessed. In a substantial

manner, Defendants had failed to respond to Plaintiff's questions and requests. Subsequent to a face-to-face discussion with Defendants' attorney concerning this matter, on April 26, 2005, Plaintiff's attorney handed Defendants' attorney Mr. Lawrence Elswit, a final demand for complete responses to Plaintiff's requests. See Exhibit A. This document contained the complete list of the interrogatories and Requests, which were not adequately responded to. Again, Mr. Elswit refused. Mr. Elswit then sent Plaintiff's attorney a letter, outlining his objections to Plaintiff's demands. See Exhibit B.

**LEGAL ARGUMENT**
Under Rule 26 (b) (1) of Federal Rules of Civil Procedure, a party may seek discovery concerning "any matter, not privileged that is relevant" to the case. Such relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Plaintiff' claims are based on contract theories and federal laws for violations under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., P.L. 101--336, 104 Stat. 328 (1992); (2) § 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 (1988). Plaintiff's objectives are primarily twofold: (1) to show that Defendants did in fact, intentionally, and to her detriment, fail to provide her with a warning concerning her right to remain silent; and (2) in the long history of the Defendants' school, Plaintiff was one of the few singled out to be discriminated against. In the alternative, Plaintiff may be able to show that Defendants have historically discriminated against other handicapped students as well, and that there is a pattern of discrimination at the law school. As Exhibits A and B illustrate, Defendants have substantially refused to provide information, which could potentially concern and support Plaintiff's claims. As the result of Defendants' refusal, Plaintiff is planning to conduct additional discovery, including the depositions of the Defendants' keeper of records.

**CONCLUSION**
Plaintiff is seeking an order by this Honorable Court to extend the time for discovery for an additional thirty days. Plaintiff argues that her interrogatories and requests for production of documents were not properly responded to by Defendants. She argues that her interrogatories and Requests are reasonable in nature, and are absolutely needed for her case. Plaintiff is therefore entitled to any document or material, which could reasonably lead to evidence, supporting her cause of action. Plaintiff further argues that in light of Defendants' refusal to completely respond to her discovery requests, she will need this additional time to conduct depositions of additional parties.

Respectfully submitted,
Layla Kiani, by her attorney,

/S/ Benjamin B. Tariri
-----------------------------
f/k/a Ben Tahriri)
343 Washington Street
Newton, MA 02458
Tel: (617) 965-1090
Fax: (617) 965-5020
BBO# 652042

- 3 -

***CERTFICATE OF SERVICE***

I, Benjamin B. Tariri, Esquire, hereby certify that I have this 29th day of April 2005, served a true copy of the above document upon the Defendants' attorney of record by first class mail .

/S/ Benjamin B. Tariri _____

## CERTIFICATION OF DISCOVERY MOTION

I, Benjamin B. Tariri, attorney of record for the moving party, hereby certify that I have made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in this Motion.

Dated: April 29, 2005

/S/ Benjamin B. Tariri
------------------------------
f/k/a Ben Tahriri)
343 Washington Street
Newton, MA 02458
Tel: (617) 965-1090
Fax: (617) 965-5020
BBO# 652042