Ben Tahriri, Esq.
Page 2
April 27, 2005

case and, in any event, it would be impossible to find this information, even if it still exists (which, in all likelihood, it does not).

Interrogatory No. 14: This interrogatory is completely unfocused. It relates to "all disciplinary actions against students, faculty or employees. . . ." The information this interrogatory seeks has no conceivable relevance to the remaining claims in this case. Further, it is, with respect, inscrutable. Interrogatory No. 14 is one long, confused, and ultimately indecipherable sentence.

Interrogatory No. 16: The complaint contains many allegations relating specifically to Ms. Kiani's health and her life unrelated to the University, which has no basis to affirm or deny them (e.g., ¶¶ 15-33). Many of the allegations relate to claims that are no longer part of the case (¶¶ 15, 33, 39 and Counts II, V-X), and do not require a response. But regardless, the Federal Rules of Civil Procedure allow a party to file twenty-five interrogatories "including all discrete sub-parts. . . ." F. R. Civ. P. 33(A). You cannot lump what really should be a series of discrete questions into one catchall interrogatory, asking the University to "state the correct information according to your records" with reference to every allegation in the complaint. The Rules simply do not allow it.

Notwithstanding that, I will state what you already know: Plaintiff, by her own admission, plagiarized. Paragraph 39 minimizes the nature of her offense by stating that she "failed to notate fully the names of the authors, and attribute the sentences to them." Whether she intended to plagiarize (¶ 41) is irrelevant. It is also misleading to suggest that, prior to the spring of 2003, she "had never been charged with any violation of the Defendant University's rules and regulations" (Complaint, ¶ 43): in fact, Ms. Kiani plagiarized the paper she submitted to Professor Kull in December 2002. She failed that course. The fact that she was not charged is beside the point.

Paragraph 45 is, of course, completely false, and you have known that since at least September 20, 2004, when the University filed its motion to dismiss and included a transcript of the hearing at which Professor Ryckman advised Ms. Kiani of her right to remain silent.

Many of the allegations in the complaint, beginning with Paragraph 55, contain conclusions of law to which a responsive pleading is not required. In light of Judge Saris's decision, I am not obligated to respond to those counts in the complaint that have already been dismissed. However, with reference to Counts I, III, and IV, the University denies that it "failed to provide Plaintiff with notice of her right to remain silent" (¶ 58); denies Paragraphs 73-75; and denies Paragraphs 79, 80 and 82-84. Furthermore, the University denies that a stenographer "was essential" to Plaintiff's work (¶ 81).

Next, the University disagrees with every allegation pertaining to discrimination, because none is supported by the evidence of record. Allan Macurdy, Director of Disability Services, recommended to then-Dean Ronald A. Cass of the School of Law that Ms. Kiani be granted the accommodations she requested via a letter from her treating physician. Dean Cass granted those accommodations. When Ms. Kiani, independent of any medical authority or expert opinion,