Ben Tahriri, Esq.
Page 3
April 27, 2005

determined that she wanted a stenographer, that request was denied. Associate Dean Christine Marx informed her how to petition for a review of Mr. Macurdy's decision, and how to support it with documentation. Ms. Kiani failed to do so.

<u>Interrogatory No. 21</u>: I do not understand what Interrogatory 21 has to do with the remaining issues in this case. It is certainly not reasonably calculated to lead to the discovery of admissible evidence. You have not challenged the legitimacy of the regulations. You have challenged their application. The information you are seeking does not advance your case or relate to it in any way.

<u>Interrogatory No. 22</u>: Notwithstanding the fact that this interrogatory is so confusing as to be virtually inscrutable, I will confirm what you already know: Professor Kull reported his conclusion of plagiarism to the Office of the Dean. He was advised that that Office would determine whether to pursue formal charges, but that he, as the instructor for the course, was responsible for determining the appropriate grade. Professor Mariner reported her conclusion that Ms. Kiani had plagiarized her paper to Dean Cass, who convened the Judicial Discipline Committee. Professor William Ryckman, the Dean's designate, reviewed all other papers that Ms. Kiani had submitted during the course of her Law School career, and concluded that she had plagiarized papers in courses taught by Professor Pettit and Professor Bendremer. (<u>See</u> also the University's Answers to Interrogatories 8 and 13.)

Notwithstanding the above, all this is irrelevant because your client has acknowledged that she plagiarized, and she is not directly challenging those findings.

Turning now to your Request for Production of Documents, you have indicated that the University failed to respond to <u>Requests Nos. 2, 3, 4, and 6</u>. That is incorrect. The University responded to each of those requests by stating that the documents sought in these particular requests had been produced in response to other numbered requests. The University offered the same response with respect to <u>Document Request No. 9</u>, but also noted "that it is inscrutable, vague, ambiguous, and overly broad." Frankly, and with all due respect, Request No. 9 is unintelligible.

The University stands by its response to <u>Document Request No. 10</u>, and I note, as I did in that response, that the University has already produced the responsive documents.

Similarly, the University responded to <u>Document Request No. 13</u> by producing those documents in response to other numbered requests.

I have no idea why you are objecting to the University's response to <u>Request No. 14</u>, which states, "There are no such documents."

<u>Document Request No. 15</u>, like so many of the others, is redundant, and I indicated that "[a]ll responsive documents have been produced in response to other numbered requests."

You have no right to the information requested in <u>Document Requests Nos. 16, 17, 18, and 19</u>. As we discussed, this is not a class action. It is a lawsuit in which you assert that