UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Exhibit 1**

LAYLA KIANI,

Plaintiff,

vs.

TRUSTEES OF BOSTON UNIVERSITY,

Defendant.

CIVIL ACTION NO. 04-CV-11838-PBS

### DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

#### INTERROGATORY NO. 1

Please identify each member of the University's faculty and administration, including those named in the original Complaint, filed on August 9, 2004, with whom Plaintiff has had any written or oral communication or interaction, beginning from June 2000 to December 2004. In doing so, please include his/her complete name, Social Security Number, position in the university, subject/area of expertise, business address, and length and dates of employment.

Answer to No. 1:

Defendant objects to this Interrogatory on the grounds that it is grossly overbroad, unduly burdensome, unlimited in scope, and to the extent that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, defendant directs plaintiff to its response to Plaintiff's First Request for Production of Documents. Documents contained therein identify individuals and communications responsive to this Interrogatory.

#### INTERROGATORY NO. 2

Identify each and every document or writing (i) relied upon, consulted, or used in any way in the preparation of any answer given herein; and/or (ii) which forms all or any part of the basis for any answer; and/or (iii) which corroborates or supplements in any way all or any part of any answer; and/or (iv) the substance of which forms all or part of any answer.

Answer to No. 2:

Defendant objects to this Interrogatory to the extent that it seeks information protected by attorney work-product or attorney-client privilege. Notwithstanding this objection, defendant states that all responsive documents have been produced in response to Plaintiff's document request.

INTERROGATORY NO.3

Identify each and every individual member of the University's faculty or administration, including those named in the Original Complaint or other employees of the University, who communicated with each other or with other individuals, including the Plaintiff, regarding Plaintiff's handicap status beginning from June 2000 to December 2004, and with respect to each communication identified in this interrogatory state the following:

   (a)   the date of each such communication;

   (b)   where each such communication took place;

   (c)   the manner of the communication (i.e., in person, by telephone, letter, email, etc.);

   (d)   the nature of the communication

   (e)   if the communication was a conversation, what each participant said during the communication; and

   (f)   the outcome of the communication.

Answer to No. 3:

Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, unlimited in scope, and to the extent that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence. Notwithstanding this objection, defendant directs plaintiff to its response to Plaintiff's First Request for Production of Documents. Documents contained therein identify individuals and communications responsive to this Interrogatory.

INTERROGATORY NO. 4

Identify each and every individual who has, or whom you believe has, any knowledge or information concerning:

   (a)   any transaction involving the alleged plagiarism, the Sept. 12 Hearing, and the subsequent ejection of Plaintiff from the University;

   (b)   Plaintiff s request for accommodations due to her handicap status beginning in the year 2000 and ending in the year 2004; and

   (c)   the events, facts and allegations set forth in Plaintiff s original complaint.

Answer to No. 4:

Defendant objects to this Interrogatory on the grounds that it is overbroad, and particularly to subpart (c), on the grounds that much of Plaintiff's original complaint has been dismissed, and therefore the events alleged therein are no longer relevant to the existant case. Notwithstanding these objections, defendant answers as follows:

The following individuals have knowledge of the plagiarism allegations against Plaintiff and of the September, 2003, hearing:

Professor Wendy Mariner
Professor Andrew Kull

Professor Frederic Bendremer
Professor Katherine Silbaugh
Professor Mark Pettit
Professor William Ryckman
Dean Ronald Cass
Professor Tracey Maclin
Professor Nancy Moore
Professor Michael Harper

The following individuals were members of the Academic Standards Committee:

Asso. Dean Hugh Baxter
Asso. Dean Maureen O'Rourke
Professor David Walker
Asst. Dean Chris Marx

The following individuals have knowledge of Plaintiff's requests for accommodations for her disability:

Allan Macurdy, Director of Disability Services
Daniel Berkowitz, Asst. Director
Asst. Dean Chris Marx

Plaintiff is further directed to defendant's response to Plaintiff's request for documents, which contains documents identifying individuals involved in these events.

## INTERROGATORY NO. 5

With regard to what led to or influenced or caused the decision to terminate Plaintiff, please describe with particularity each communication, either oral or written, that Defendants have had with any other faculty, or employee of the University, including those affiliated with the Defendants, regarding the allegations of plagiarism. With respect to each communication please state:

(a)    the identity of the individual with whom you had such communication;

(b)    the nature of the communication; and

(c)    if the communication was a conversation, what each participant said during the communication.

(d)    if the individual submitted any written statements, affidavit, reports or tangible forms of evidence, please identify and provide details.

Answer to No. 5:

Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, unlimited in scope, and to the extent that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence. Notwithstanding this objection,

defendant directs plaintiff to its response to Plaintiff's First Request for Production of Documents. Documents contained therein identify individuals and communications responsive to this Interrogatory.

INTERROGATORY NO. 6

Identify each expert witness whom you expect to call to testify at trial and as to each state separately and in full and complete detail the following:

(a) the name and address of each expert;

(b) the subject matter upon which each expert is expected to testify;

(c) the substance of the facts and opinions to which the expert is expected to testify; and

(d) the grounds for each expert opinion referred to, including, where relevant, the methods and processes utilized by the expert in arriving at his or her opinion.

Answer to No. 6:

Defendant has not yet determined what experts it may call to testify at trial, and will supplement its response to this Interrogatory at an appropriate future time.

INTERROGATORY NO. 7

Identify all witnesses you intend to call at trial in connection with this case;

Answer to No. 7:

Defendant has not yet determined what witnesses it may call to testify at trial, and will supplement its response to this Interrogatory at an appropriate future time.

INTERROGATORY NO. 8

State the basis for Defendants' employee, Wendy Mariner's decision to change the Plaintiff's grade subsequent to the decision of Judicial Discipline Committee after the Sept. 12 Hearing, given the fact that she was already aware in the spring of 2003 that Plaintiff had allegedly plagiarized on her term papers, including in your answer: identify any and all communications between Wendy Mariner and anyone else regarding the grade change.

Answer to No. 8:

Professor Mariner waited to change Plaintiff's grade until the Judicial Discipline Committee had reached its conclusion that Plaintiff had plagiarized her work on several papers, including two in Professor Mariner's class. The "Disciplinary Regulations for All BUSL Students," Art. 7, §9, authorize a member of the faculty to change a student's grade after the Judicial Discipline Committee enters its findings.

INTERROGATORY NO.9

Identify each and every document or writing (i) pertaining to the Plaintiff and/or (ii) document or writing concerning communications about her handicap status and plagiarism,

between Defendants and their employees including those named in the Original Complaint and others, including the Plaintiff.

Answer to No. 9:

Defendant directs Plaintiff to its reponse to Plaintiff's document request, in particular, requests No. 1, 7, 8 and 20.

INTERROGATORY NO. 10.

For the period of 1960-2005, identify the names and address of all Handicapped students and employees, and including therein the approximate number and percentage of handicapped students within each department of the University.

Answer to No. 10:

Defendant objects to this Interrogatory on the grounds that it is grossly overbroad, unduly burdensome, and seeks confidential student information about individuals not parties to this case.

INTERROGATORY NO. 11.

Identify the number of complaints of any nature, including complaints for discrimination filed with the university or any government units (including federal or state, or local agency or court) for the period beginning in January 1940 and ending in December 2004. In identifying same, please give the details of any and all complaints, if available, and include therein the name and address and telephone number of complainant and its disposition and location of all pertinent documents, including the name and address of the keeper of those records for the university.

Answer to No. 11:

Defendant objects to this Interrogatory on the grounds that it is grossly overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 12

Identify each student or employee or faculty member who has been accused of plagiarism, for the period beginning in January 1940 and ending in December 2004, and include in your response the name, address and telephone number and action taken against each individual, the date of discovery of the plagiarism and the date of initiation of any such action and the date of the final disposition of such action, if any. In addition, if a student was involved in any plagiarism charge, include in your answer whether or not any action took place prior to issuing of any grades, and if not, if any grade was reduced and to what grade level, and include whether or not the person was terminated from the university, the names and address and identity of any persons who interviewed and or questioned the accused plagiarist on behalf of the University.

Answer to No. 12:

Defendant objects to this Interrogatory on the grounds that it is grossly overbroad, unduly burdensome, and seeks confidential student information about individuals not parties to this case.

INTERROGATORY NO 13.

Identify the circumstances under which the Plaintiff's alleged plagiarism was found out, and include therein the date of the discovery, the names of any person who interviewed and/or

questioned the Plaintiff in conjunction with the charges of plagiarism and the substance of such interviewing or questioning and the dates of the same.

Answer to No. 13:

Professor Wendy Mariner reviewed Plaintiff's final paper for her course "Managed Care and the Law" in or about May, 2003. Professor Mariner was troubled by the discovery of material that was quoted from articles, some authored by Professor Mariner herself, and not placed in quotation marks. Further, Professor Mariner found little of the student's own writing or interpretation in the paper. She suspected plagiarism.

Professor Mariner sent an email to Dean Ronald Cass (copy produced, numbered BU 0287) requesting advice on how to proceed. Dean Cass advised Professor Mariner to provide a copy of the paper to Assistant Dean Chris Marx, and informed her that he would have Professor William Ryckman investigate. Professor Mariner did not contact Plaintiff.

Professor Ryckman investigated as follows. He spoke with Professors Mariner, Katherine Silbaugh, Andrew Kull, and Mark Pettit. He obtained copies of papers Plaintiff had submitted to these instructors during the course of her studies and reviewed them.

Professor Ryckman concluded that there was probable cause to charge Plaintiff with plagiarism with respect to Professor Mariner's paper and three others. This investigation commenced on or about May 12, 2003, and concluded July 16, 2003.

INTERROGATORY NO 14.

List and detail all disciplinary actions against students, faculty or employees and include therein, the disposition of the actions and identify therein all such incidents in which any form of complaint or disciplinary action involved medication of any kind and explain the influence on the type of disciplinary action taken by the party being on medication at the time of the alleged conduct that resulted in the taking of disciplinary action.

Answer to No. 14:

Defendant objects to this Interrogatory on the grounds that it is grossly overbroad, unlimited in time and scope, unduly burdensome, and seeks confidential student and employee information about individuals not parties to this case.

INTERROGATORY NO 15

Please state your policy on retention, destruction or spoliation of documents, including correspondence, and communications in any form, including but not limited to letters, faxes, emails, and other media of communications.

Answer to No. 15:

Defendant objects to this Interrogatory on the grounds that it seeks irrelevant information not calculated to lead to the discovery of admissible evidence. Defendant further answers that no documents related to the Plaintiff's case have been destroyed.

INTERROGATORY NO 16.

If you believe that any aspect of the Plaintiff s claim in her original Complaint insofar as it concerns the University is not factually accurate, in any respect, please identify each inaccurate item of information and state the correct information according to your records.

Answer to No. 16:

Defendant objects to this Interrogatory on the basis that many of the allegations in the original complaint have been dismissed, and are no longer relevant to the case.

INTERROGATORY NO 17.

Describe whether your employee, Andrew Kull, a professor of the Plaintiff's, was aware that Plaintiff was taking medication during her time as a student, and if so, on which date he first became aware of this fact.

Answer to No. 17:

Professor Kull generally assumed that Plaintiff was taking medication because the severity of her disabilities is apparent. However, Plaintiff and Professor Kull never discussed the matter. He was first specifically advised that Plaintiff was taking medication when Arnold Rosenfeld, Esq., who represented Plaintiff before the Judicial Discipline Committee, directly informed him.

INTERROGATORY NO 18.

If there were an investigation on the charges, detail and include in the details of that investigation, who participated in that investigation, the manner and method of the investigation, when the investigation was deemed to commence, if any notes were taken and state who was the person who prepared or took or participated in the preparation of such notes, the date on which they were taken nor prepared and the names and address of the person(s) who has possession or custody or control of such notes.

Answer to No. 18:

See, answer to Interrogatory No. 13. Professor Ryckman kept no notes of his investigation.

INTERROGATORY NO 19.

Set forth your definition of "medication" and "impaired capacity by medication," as that term is used and alleged during the Sept. 12 Hearing, in your Answer to Plaintiff's complaint, or in your Memorandum for your Motion to dismiss.

Answer to No. 19:

The University objects to this Interrogatory on the grounds that it asks defendant to interpret a word or phrase that may have been articulated by a member or members of the Judicial Discipline Committee during a proceeding in which Plaintiff was fully and adequately represented; and further, that this interrogatory is not calculate to lead to the discovery of relevant, probative or admissible evidence. Further, defendant states that the word "medication" has a common dictionary definition, and the phrase "impaired by medication" means what it says.

INTERROGATORY NO 20.

With respect to the decisions to bring charges against Plaintiff, and ultimately drop her for academic deficiency, set forth the names of all who participated in the initial decision to bring charges, including therein if there were formal sessions to consider whether or not charges should be filed against Plaintiff, on what date such decision was rendered, the vote, if any, who was present when that decision was made, when the issue of the ultimate termination was

discussed, who initiated the subject, and the reason why medication was not given sufficient weight in the decision-making process.

Answer to No. 20:

Defendant objects to this Interrogatory on the grounds that it is unclear and confusing and conflates two separate processes: the decision to bring charges and the termination of Plaintiff for academic deficiency. In addition, the references to "the vote," "that decision," and "the ultimate termination" are ambiguous. Notwithstanding these objections, defendant answers as follows:

See, answers to Interrogatory Nos. 13 and 18. Dean Cass made the ultimate decision to bring charges against the Plaintiff, upon the recommendation of Professor Ryckman. There were no "formal sessions" to consider whether or not charges should be filed. Plaintiff was dropped for academic deficiency when her grade point average fell below the minimum requirement, and when she had failed 6 upper-class credits. There was no "decision" to thus terminate her. Rather, her grade point average rendered the action automatic.

INTERROGATORY NO 21.

With respect to the document entitled "DISCIPLINARY REGULATIONS FOR ALL BUSL STUDENTS" in effect in January 2000: identify any parties or personnel who were consulted or who participated in the writing and adoption of these regulations. Include in your answer, the procedures used in the adoption of proviso, the number of drafts produced, the keeper of the record of those drafts and the date of any modification of and the identity of the keeper of the record of those drafts and orders of adoption.

Answer to No. 21:

Defendant objects to this Interrogatory on the grounds that it seeks information irrelevant to the issues at hand and not calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO 22.

Please describe in detail the exact steps taken from September 2000 to March 1, 2004, for discovering and investigating the Plaintiff's acts of alleged plagiarism by each and every agent, servant or employee of Defendants or acting at the request of or on behalf of Defendants (including but not limited to: Professors [whether full or assistant or associate, to wit: any educational instructor or assistants or staff of said instructors], Deans and Members of any Judicial Committee convened of, or concerning any allegation of violation of the "Disciplinary Regulations For All BUSL Students" and any supporting staff of these employees as it concerns any and all acts of alleged plagiarism by Plaintiff, include therein the days, date, time and procedure taken for issuing any grade, the days, date of entry of any grades as `the grade' for the course, the days and date of entry of any change in any course-grade issued to Plaintiff due to plagiarism, include therein a description of any and all conversations between any and all of the aforementioned agents servants and employees of Defendants.

Answer to No. 22:

Defendant objects to this Interrogatory on the grounds that it is vague, confusing, ambiguous, and overbroad. Notwithstanding this objection, defendant states that the information sought has been provided in response to other numbered Interrogatories.

Maureen O'Rourke hereby states that she is Dean *ad interim* of Boston University School of Law, and that she signs the within Answers to Interrogatories for and on behalf of defendant Trustees of Boston University and is duly authorized to do so; that the matters stated in the foregoing Answers are not all within her personal knowledge and that she is informed there are no employees of said defendant who have personal knowledge of all such matters; rather the facts stated herein have been assembled by authorized employees and/or counsel of said defendant, and that to the best of her knowledge the within Answers and the facts in said Answers are true, and so states under the pains and penalties of perjury this 31st day of March, 2005.

Signed under the pains and penalties of perjury this 31st day of March, 2005.

_____
Maureen O'Rourke

As to objections,

TRUSTEES OF BOSTON UNIVERSITY,
By its attorney,

_____
Lawrence S. Elswit
(BBO #153900)
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215
(617) 353-2326

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each other party by mail/by hand.
Date: 4-1-05