UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Exhibit 2**

| | |
|---|---|
| LAYLA KIANI, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 04-CV-11838-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, | ) |
| Defendant. | ) |

### RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1

Any and all documents of any form or nature within the possession of Defendants, their agents servants, employees, which pertain to Plaintiff for the period beginning in January 2000 to December 2004.

Response to No. 1:

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant, probative, or admissible evidence; and seeks documents protected by attorney-client or attorney work-product privilege. Notwithstanding these objections, defendant produces the attached documents, numbered BU 0001-0227, and audio CD-ROM disc of the September 12, 2003 proceeding.

REQUEST NO. 2

Any and all documents of any form or nature pertaining to the charging, adjudicating, suspending, and the eventual dropping of Plaintiff from the University.

Response to No. 2:

All responsive documents have been produced in response to other numbered requests.

REQUEST NO. 3

Any and all correspondence and/or writings of any kind, nature, or description whatsoever between and among Defendants, their employees, as well as with and any other entity concerning the disciplinary actions taken against Plaintiff.

Response to No. 3:

All responsive documents have been produced in response to other numbered requests.

REQUEST NO. 4

Any and all documents tending to show, showing, or relating in any way to the alleged plagiarism by Plaintiff.

Response to No. 4:

All responsive documents have been produced in response to other numbered requests.

REQUEST NO. 5

Any and all documents that Defendants intend to introduce as evidence at trial or intend to use in any manner at trial of this matter.

Response to No. 5:

Defendant has not yet determined which documents it will introduce at trial, and will supplement its response to this request, if necessary, at an appropriate future time.

REQUEST NO. 6

Any and all reports and all complaints of alleged misconduct made against Plaintiff by employees of Defendants, including but not limited to: Wendy Mariner, Andrew Kull, Christine Marx, Kate Silbaugh, Mark Pettit, and Ronald Cass.

Response to No. 6:

All responsive documents have been produced in response to other numbered requests.

REQUEST NO. 7

Any and all forms of documents and/or communications of, or concerning, Plaintiff, made or received by employees of Defendants, including but not limited to: Wendy Mariner, Andrew Kull, Christine Marx, Kate Silbaugh, Mark Pettit, and Ronald Cass, and each one of these individuals' agents, servants, staff, or employees, included but not limited to forms, reports, correspondence, telephone logs, voice data, e-mail or data made or stored on any form of computer or technology of any nature.

Response to No. 7:

Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant, probative, or admissible evidence, and seeks documents protected by attorney-client or attorney work-product privilege. Notwithstanding these objections, defendant produces the attached documents, numbered BU 0228-0402.

REQUEST NO 8.

Any and all forms of documents and/or communications of, or concerning Plaintiff, made or received by each member of the Judicial Committee referred to in Plaintiff's Complaint Exhibit "D" (correspondence dated December 18, 2003 and allegedly bearing the signature of Mary Jo Sullivan, Registrar).

Response to No. 8:

Plaintiff is referred to documents produced in response to other numbered requests, and to the attached five volumes of Judicial Discipline Committee materials (which are not numbered).

REQUEST NO. 9

Any and all forms of communications and/or documents, of, or concerning or made or received or produced in conjunction with any investigation by any servant, agent, or employee or anyway assisting or aid, help, or facilitate the making or production of any document, including but not limited to correspondence, reports, notes, memorialization of any meetings or calls or discussions, fax cover sheets, faxes, e-mails (including relevant computer hard drives), research, charge-related, or investigation-related or finding-related or sanction related materials of any kind or form relating to Plaintiff.

Response to No. 9:

Defendant objects to this request on the grounds that it is inscrutable, vague, ambiguous, and overly broad. Notwithstanding this objection, defendant states that to the extent it understands what is sought, all responsive documents have been produced in response to other numbered requests.

REQUEST NO. 10

Any and all forms of communications or documents, of or concerning, or made in conjunction with or which proves the existence of any discussion with Plaintiff by any Dean or Assistant Dean on any allegation made by any faculty member and/or consultations with the appropriate Director.

Response to No. 10:

Defendant objects to the phrases "proves the existence of" and "the appropriate Director" as ambiguous and unclear. To the extent defendant understands what is sought, all responsive documents have been produced in response to other numbered requests.

REQUEST NO. 11

Any and all forms of proof of any agent, servant, employee of Defendants informing Plaintiff of her right to counsel and the right to remain silent and any warning that anything Plaintiff may say may be used against her.

Response to No. 11:

See responses to request Nos. 1, 8 and 20.

REQUEST NO. 12

A copy of the signed statement of Plaintiff to the effect that she had been informed of the rights set out in Article IV paragraph 1 of the "Disciplinary Regulations for all BUSL STUDENTS."

Response to No. 12:

There is no such document.

REQUEST NO. 13

Any and all documents or communications containing to the charges drawn by the Dean and submitted to the Judicial Committee and to Plaintiff on any and all reports or complaints to the Dean as it concerns Plaintiff, and which resulted in the termination of Plaintiff from Boston University Law School.

Response to No. 13:

All responsive documents have been produced in response to other numbered requests.

REQUEST NO. 14

Any and all documents or communications of any form as it concerns the selection by the Dean of the composite members of the Judicial Committee selected to serve and dispose of and/or hear charges brought against Plaintiff which resulted in the refusal to allow the Plaintiff to graduate with her class, and which resulted in her ultimate termination from Boston University Law School.

Response to No. 14:

There are no such documents.

REQUEST NO. 15

Any and all documents or communications of any form as it concerns the Judicial Committee's consideration of the effect of the Plaintiff's handicap and side effect of medications being taken during the time Plaintiff was a student at Boston University Law School.

Response to No. 15:

All responsive documents have been produced in response to other numbered requests.

REQUEST NO. 16

For the period of time from the passage of the Americans With Disabilities Act and the Rehabilitation Act of 1973, to the present (1973-2005), any and all documents as it concerns requests for any and all students who have made requests of, or concerning, accommodations which they asserted were essential to their academic pursuits, such as but not limited to access to private rooms to listen to class tapes and the utilization of stenographers, including therein, any and all documents and/or communications of any form whatsoever, including but not limited to notes, memoranda, faxes, e-mails, materials made, produced or stored on computer or other like such technology, including those documents or communications which demonstrate the processing of each such request and the disposition of each such request.

Response to No. 16:

Defendant objects to this request on the grounds that it is grossly overbroad, unlimited in scope, unduly burdensome, not calculated to lead to the discovery of relevant, probative, or admissible evidence, and seeks confidential educational records of individuals not parties to this case.

REQUEST NO. 17

For the period of time from the passage of the Americans With Disabilities Act and the Rehabilitation Act of 1973, to the present (1973-2005), any and all documents as it concerns any and all conduct which fell within "Disciplinary Regulations For All BUSL Students" in which defenses of effect of taking medication was raised and the disposition of all such complaints, including but not limited those in which no action was taken, to those which led to expulsion from the academic program.

Response to No. 17:

Defendant objects to this request on the grounds that it is grossly overbroad, unlimited in scope, unduly burdensome, not calculated to lead to the discovery of relevant, probative, or admissible evidence, and seeks confidential educational records of individuals not parties to this case.

REQUEST NO. 18

For the period of time from the passage of the Americans With Disabilities Act and the Rehabilitation Act of 1973, to the present (1973-2005), any and all documents as it concerns any and all conduct which fell within the "Disciplinary Regulations for All BUSL Students" to the present, for any student who had a grade entered into the computer-and/or official records and subsequent thereto, had the grade changed to a Failure, include therein, all such documents or records in which the alteration of the grade led to expulsion of the student from the academic program.

Response to No. 18:

Defendant objects to this request on the grounds that it is grossly overbroad, unlimited in scope, unduly burdensome, not calculated to lead to the discovery of relevant, probative, or admissible evidence, and seeks confidential educational records of individuals not parties to this case.

REQUEST NO. 19

For the period of time from the passage of the Americans With Disabilities Act and the Rehabilitation Act of 1973, to the present (1973-2005), any and all documents or communications concerning the admission, retention, accommodation, and disciplinary actions of all handicapped students, include therein all such documents or records in which a handicapped or disabled student was dropped for academic deficiency.

Response to No. 19:

Defendant objects to this request on the grounds that it is grossly overbroad, unlimited in scope, unduly burdensome, not calculated to lead to the discovery of relevant, probative, or admissible evidence, and seeks confidential educational records of individuals not parties to this case.

REQUEST NO. 20

The complete transcript of any and all proceedings involving the matter of the Plaintiff's alleged plagiarism, including but not limited to, the Sept. 12, 2003 Hearing, and the minutes of the faculty meeting on February 23, 2004, regarding Plaintiff's Petition for Reinstatement as per correspondence sent to Plaintiff's attorney by Dean Cass dated March 1, 2004.

Response to No. 20:

Minutes of the faculty meeting are attached, numbered BU 0403-404. No complete transcript exists of the September 12, 2003 hearing, or any other proceeding involving Plaintiff. A partial transcript is attached, not numbered.

REQUEST NO. 21

Any and all documents or communications concerning complaints of any nature, including complaints for discrimination filed with the University or any government units

- 5 -

(including federal or state, or local agency or court) against the University or any of its employees, for the period beginning in January 1940 and ending in December 2004. In producing same, please provide documents pertaining in detail to the nature of any and all complaints and include therein the name and address and telephone number of complainant and its disposition, including the name and address of the keeper of those records for the University.

Response to No. 21:

Defendant objects to this request on the grounds that it is grossly overbroad, unlimited in scope, unduly burdensome, not calculated to lead to the discovery of relevant, probative, or admissible evidence, and seeks confidential educational records of individuals not parties to this case.

Respectfully submitted,

TRUSTEES OF BOSTON UNIVERSITY,
By its attorney,

_____
Lawrence S. Elswit
(BBO #153900)
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215
(617) 353-2326

Date: April 1, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each other party by mail/by hand.

Date: 4.1.05

- 6 -