

Boston University

Office of the General Counsel
125 Bay State Road
Boston, Massachusetts 02215
Tel: 617-353-2326
Fax: 617-353-5529

Todd L. C. Klipp
*Vice President and
General Counsel*

Michael B. Rosen
Lawrence S. Elswit
Stephen A. Williams
Dennis C. Hart
Erika Geetter
Willis G. Wang
Diane Levine Gardener
Crystal D. Talley

April 27, 2005

**Exhibit 3**

By Fax (617) 965-5020 and Federal Express

Ben Tariri, Esq.
343 Washington Street
Newton, Massachusetts 02458

Re:   Layla Kiani v. Trustees of Boston University, et al.
      (U.S. District Court, C.A. No. 04-CV-11838-PBS)

Dear Ben:

I am writing in response to your letter of April 26, regarding discovery in the above-referenced case.

An abbreviated chronology will put your request in perspective. On October 18, 2004, Judge Saris set the discovery and motion schedule for this case. You did not mail me your interrogatories and document request until February 7, 2005, nearly four months after the discovery conference. With your assent, I answered interrogatories and produced documents on April 1. Now, less than one week prior to the close of discovery, you claim to be dissatisfied with the University's responses to your discovery requests.

At the outset, it is worth noting the narrow confines of this case. It involves one individual's claim that the University breached a contract when it allegedly failed to inform Ms. Kiani that she had the right to remain silent prior to her disciplinary hearing. The other remaining claims, under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, allege that Ms. Kiani was denied accommodations.

I will address the particulars of Interrogatories 10, 11, 12, 14, 16, 21, and 22. I will then turn to the document requests you have identified.

Interrogatory No. 10: This interrogatory is grossly burdensome. Neither the ADA nor the Rehabilitation Act existed in 1960. This case is about one student, not "all handicapped students and employees." It is not a class action. There is absolutely no relevance to the number of disabled students "within each department of the University."

Interrogatory No. 12: This case involves the plagiarism of Layla Kiani. It does not involve "each student or employee or faculty member who has been accused of plagiarism [between 1940 and 2004]...." The information you seek has no conceivable relevance to the

Ben Tahriri, Esq.
Page 2
April 27, 2005

case and, in any event, it would be impossible to find this information, even if it still exists (which, in all likelihood, it does not).

　　Interrogatory No. 14: This interrogatory is completely unfocused. It relates to "all disciplinary actions against students, faculty or employees. . . ." The information this interrogatory seeks has no conceivable relevance to the remaining claims in this case. Further, it is, with respect, inscrutable. Interrogatory No. 14 is one long, confused, and ultimately indecipherable sentence.

　　Interrogatory No. 16: The complaint contains many allegations relating specifically to Ms. Kiani's health and her life unrelated to the University, which has no basis to affirm or deny them (e.g., ¶¶ 15-33). Many of the allegations relate to claims that are no longer part of the case (¶¶ 15, 33, 39 and Counts II, V-X), and do not require a response. But regardless, the Federal Rules of Civil Procedure allow a party to file twenty-five interrogatories "including all discrete sub-parts. . . ." F. R. Civ. P. 33(A). You cannot lump what really should be a series of discrete questions into one catchall interrogatory, asking the University to "state the correct information according to your records" with reference to every allegation in the complaint. The Rules simply do not allow it.

　　Notwithstanding that, I will state what you already know: Plaintiff, by her own admission, plagiarized. Paragraph 39 minimizes the nature of her offense by stating that she "failed to notate fully the names of the authors, and attribute the sentences to them." Whether she intended to plagiarize (¶ 41) is irrelevant. It is also misleading to suggest that, prior to the spring of 2003, she "had never been charged with any violation of the Defendant University's rules and regulations" (Complaint, ¶ 43): in fact, Ms. Kiani plagiarized the paper she submitted to Professor Kull in December 2002. She failed that course. The fact that she was not charged is beside the point.

　　Paragraph 45 is, of course, completely false, and you have known that since at least September 20, 2004, when the University filed its motion to dismiss and included a transcript of the hearing at which Professor Ryckman advised Ms. Kiani of her right to remain silent.

　　Many of the allegations in the complaint, beginning with Paragraph 55, contain conclusions of law to which a responsive pleading is not required. In light of Judge Saris's decision, I am not obligated to respond to those counts in the complaint that have already been dismissed. However, with reference to Counts I, III, and IV, the University denies that it "failed to provide Plaintiff with notice of her right to remain silent" (¶ 58); denies Paragraphs 73-75; and denies Paragraphs 79, 80 and 82-84. Furthermore, the University denies that a stenographer "was essential" to Plaintiff's work (¶ 81).

　　Next, the University disagrees with every allegation pertaining to discrimination, because none is supported by the evidence of record. Allan Macurdy, Director of Disability Services, recommended to then-Dean Ronald A. Cass of the School of Law that Ms. Kiani be granted the accommodations she requested via a letter from her treating physician. Dean Cass granted those accommodations. When Ms. Kiani, independent of any medical authority or expert opinion,

Ben Tahriri, Esq.
Page 3
April 27, 2005

determined that she wanted a stenographer, that request was denied. Associate Dean Christine Marx informed her how to petition for a review of Mr. Macurdy's decision, and how to support it with documentation. Ms. Kiani failed to do so.

Interrogatory No. 21: I do not understand what Interrogatory 21 has to do with the remaining issues in this case. It is certainly not reasonably calculated to lead to the discovery of admissible evidence. You have not challenged the legitimacy of the regulations. You have challenged their application. The information you are seeking does not advance your case or relate to it in any way.

Interrogatory No. 22: Notwithstanding the fact that this interrogatory is so confusing as to be virtually inscrutable, I will confirm what you already know: Professor Kull reported his conclusion of plagiarism to the Office of the Dean. He was advised that that Office would determine whether to pursue formal charges, but that he, as the instructor for the course, was responsible for determining the appropriate grade. Professor Mariner reported her conclusion that Ms. Kiani had plagiarized her paper to Dean Cass, who convened the Judicial Discipline Committee. Professor William Ryckman, the Dean's designate, reviewed all other papers that Ms. Kiani had submitted during the course of her Law School career, and concluded that she had plagiarized papers in courses taught by Professor Pettit and Professor Bendremer. (See also the University's Answers to Interrogatories 8 and 13.)

Notwithstanding the above, all this is irrelevant because your client has acknowledged that she plagiarized, and she is not directly challenging those findings.

Turning now to your Request for Production of Documents, you have indicated that the University failed to respond to Requests Nos. 2, 3, 4, and 6. That is incorrect. The University responded to each of those requests by stating that the documents sought in these particular requests had been produced in response to other numbered requests. The University offered the same response with respect to Document Request No. 9, but also noted "that it is inscrutable, vague, ambiguous, and overly broad." Frankly, and with all due respect, Request No. 9 is unintelligible.

The University stands by its response to Document Request No. 10, and I note, as I did in that response, that the University has already produced the responsive documents.

Similarly, the University responded to Document Request No. 13 by producing those documents in response to other numbered requests.

I have no idea why you are objecting to the University's response to Request No. 14, which states, "There are no such documents."

Document Request No. 15, like so many of the others, is redundant, and I indicated that "[a]ll responsive documents have been produced in response to other numbered requests."

You have no right to the information requested in Document Requests Nos. 16, 17, 18, and 19. As we discussed, this is not a class action. It is a lawsuit in which you assert that

Ben Tahriri, Esq.
Page 4
April 27, 2005

Ms. Kiani's rights were violated. The University's behavior more than thirty years ago is irrelevant. How other students were treated is irrelevant.

Again, I have no idea why you are objecting to the University's response to Document Request No. 20, because you were given all responsive materials. The University is not under any obligation to create a transcript, but, notwithstanding that, I did give you a partial transcript (it was all the University created) and a CD Rom of the hearing. Feel free to have it transcribed at your own expense. The University is under no further duty.

*    *    *    *

Your letter threatens to seek judicial relief under Federal Rule of Civil Procedure 37. You do so at your own peril. See Fed. R. Civ. P. 37(a)(4)(B). From the day I received your first letter, I have been very candid in expressing my view that this case is ill-conceived, that your client does not have any viable claims, and that the charges leveled against my clients are unfocused. I do not want to suggest that I lack sympathy for your client, but the law does not provide relief for sympathy, and it does not support a claim merely because she has struggled with difficult issues all her life. The bottom line is that Boston University and its faculty have behaved fairly and ethically. Your client has been given the benefit of every doubt. She received all the rights that were due to her.

Your last-minute attempt to seek discovery to which you are not entitled is an unnecessary distraction as the case draws to a conclusion. You are wasting your time and my time, and Judge Saris, notwithstanding her extraordinary patience, may not be pleased if you waste the Court's time. I encourage you to think long and hard before you seek judicial relief.

Sincerely,

Lawrence S. Elswit

LE:ksc

cc: Maureen O'Rourke, Dean *ad interim*