UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAYLA KIANI, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 04-CV-11838-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, | ) |
| Defendant. | ) |

DEFENDANT TRUSTEES OF BOSTON UNIVERSITY'S MEMORANDUM
IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER AND
IN OPPOSITION TO PLAINTIFF'S MOTION
TO EXTEND THE TIME FOR DISCOVERY

This Court's Scheduling Order established April 29, 2005, as the date by which discovery was to be completed.  At 5:11 p.m. on April 29, counsel for Defendant Trustees of Boston University (the "University") received Plaintiff's Motion to Extend the Time for Discovery.  Thereafter, on May 5, 2005, Plaintiff served the University with deposition notices for one member of the faculty and "Defendants' [sic] Keeper of Records."

Plaintiff's motion fails to comply with the technical requirements of L. R. 37.1(B)(5) of the Local Rules of the United States District Court, but, more significantly, this motion provides no substantive basis to extend the time for discovery, to take more depositions, or to otherwise require Boston University to provide any more information than it has already given to Plaintiff. For that reason, the University seeks a protective order relieving it of the burden of preparing for, attending, and defending last-minute depositions.  The University also requests the Court to deny

Plaintiff's motion for an extension, because it has already honored its obligation to answer interrogatories and produce documents.

ARGUMENT

Last fall, Magistrate Judge Cohen dismissed the vast majority of what he described as "a rambling complaint" (see Report and Recommendation on Motion to Dismiss, November 29, 2004). The Court subsequently reinstated Count I, alleging breach of contract. That claim, along with two causes of action alleging discrimination on the basis of disability (which were not challenged in the University's Motion to Dismiss) are all that remain. The breach of contract claim alleges that Plaintiff did not receive notice of her right to remain silent as set forth in the School of Law's disciplinary procedures. The disability discrimination claims allege that certain University employees made disparaging remarks about Plaintiff, and that she was denied the use of a stenographer as an accommodation to facilitate her classroom work.

But Plaintiff's discovery is not limited by those relatively narrow boundaries. For example, Interrogatory No. 12 asks the University to "identify each student or employee or faculty member who has been accused of plagiarism, for the period beginning in January 1940 and ending in December 2004. . . ." (emphasis added). Interrogatory No. 14 asks the University to "list and detail all disciplinary actions against students, faculty or employees. . . ." (emphasis added). Document Requests Nos. 16 through 19 seek "any and all documents" relating to requests for accommodations, students whose conduct brought them within the disciplinary processes of the Law School, etc., between 1973 and 2005. See Defendant's Answers to Plaintiff's First Set of Interrogatories (**Ex. 1**).

Plaintiff refuses to accept that, with respect to Document Requests Nos. 2, 3, 4, 6, 9, 10, 13, and 15, the University has already produced the requested documents in response to other

numbered requests. Similarly, Plaintiff apparently refuses to accept that there are no documents that respond to Request No. 14. See Response to Request for Production of Documents, April 1, 2005 **(Ex. 2)**.

Counsel for the parties discussed Plaintiff's dissatisfaction with the University's discovery responses on the afternoon of April 25, 2005. On April 26, Plaintiff's counsel wrote to the University's attorney, who responded on April 27, 2005 **(Ex. 3)**.

The University's April 27 letter responds to each interrogatory and discovery request Plaintiff's counsel identifies in his letter of the previous day. The University stands by the position taken in its response to interrogatories and document requests and, more specifically, in the April 27, 2005, letter to counsel.

More than six months ago, the Scheduling Order set the timelines for this case, including summary judgment argument. The narrow issues that remain do not merit the scope of discovery Plaintiff is seeking. There is no reason to alter or otherwise delay the resolution of this case.

Plaintiff's motion claims that she hopes to show that "Defendants [sic] did in fact, intentionally, and to her detriment, fail to provide her with a warning concerning her right to remain silent. . . ." It is unclear where the element of intent fits into Plaintiff's theory that the University violated the Americans with Disabilities Act and the Rehabilitation Act of 1973. Regardless, the undisputed evidence establishes that Plaintiff refused to meet with Professor William Ryckman, the Dean's delegate in academic discipline cases, who was responsible for providing Plaintiff with early notice of her right to remain silent (which she already knew about). The evidence also establishes that she received timely notice, but, on advice of counsel, elected not to remain silent. None of the interrogatories or document requests that Plaintiff claims are unanswered, or the depositions she has noticed, will address this issue.

Plaintiff also hopes that her discovery will allow her to show that:

> in the long history of the Defendants' [sic] school, Plaintiff was one of the few singled out to be discriminated against. In the alternative, Plaintiff may be able to show that Defendants [sic] have historically discriminated against other handicapped students as well, and that there is a pattern of discrimination at the Law School.

It is late in the day to be seeking to develop contradictory theories of the case. Plaintiff has neither sued on behalf of the class of disabled students at the Law School, nor alleged that she is the victim of a policy that has a disparate impact on disabled students. Rather, she apparently claims that she is the victim of disparate treatment, because she was provided certain accommodations, but not others—in particular, she claims that the University refused to provide her a stenographer.[1]

Plaintiff argues that "Defendants have substantially refused to provide information, which could potentially concern and support Plaintiff's claims." This is inaccurate. Even a casual reading of the contested discovery indicates that the University has provided the vast majority of the information Plaintiff wants, in response to other requests. Further, the University has answered all of the interrogatories that relate to <u>this</u> case. How the University behaved in 1940, or in 1970, or in 1995, has no bearing whatsoever on its relationship with the plaintiff, Layla Kiani. "[I]n an action for disparate treatment, as opposed to one for disparate impact, statistical data is of little probative value and may be inadmissible." <u>Heard v. Commonwealth of Massachusetts</u>, 2003 WL 21960726 (D. Mass. 2003) (quoting <u>Lawton v. State Mut. Life Assurance Company of America</u>, 924 F. Supp. 331, 341 (D. Mass. 1996).

---

[1] This allegation is true, but it does not translate into liability. The affidavit of Allan Macurdy, Director of the University's Office of Disability Services, is attached to the University's memorandum in support of its motion for summary judgment, and explains exactly why Plaintiff's request for a stenographer was denied. It has nothing to do with "the long history" of Boston University or some pattern of historical discrimination:

The depositions Plaintiff seeks will not advance her case or generate relevant documents. She has noticed one member of the faculty, Professor Mark Pettit, who taught Plaintiff and employed her as a research assistant. She also plagiarized an independent research paper under his supervision. But Professor Pettit was not responsible for assuring that the Law School complied with its Disciplinary Regulations. In addition, Plaintiff has filed a deposition notice for the "Keeper of Records, Boston University." It is not accompanied by a schedule, a subpoena duces tecum, the identity of the part of the University to which it relates—e.g., Office of the Provost, Dean of the Law School, Office of Disability Services—and it does not state "with reasonable particularity" (Fed. R. Civ. P. 30(b)(6)) the subject of the deposition **(Ex. 4)**.

"A vague possibility that loose and sweeping discovery might turn up something suggesting that . . . [the University was] discriminatorily motivated does not show particularized need and likely relevance that would require moving discovery beyond the natural focus of the inquiry." Pedraza v. Holiday Housewares, Inc., 203 FRD 40, 42 (D. Mass. 2001) (quoting Joslin Dry Goods Co. v. EEOC, 483 F.2d 178, 183-84 (10th Cir. 1973)).

The Court has the discretion to limit discovery if, among other reasons, "(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). Plaintiff should not be allowed to go on an eleventh-hour fishing expedition in the hopes of landing a catch. Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 193 (1st Cir. 2001).

The Scheduling Order set a reasonable limit on this case, which does not involve overly complex facts or unsettled principles of law. Plaintiff had sufficient time to take depositions, but

---

rather, Plaintiff's request was unsupported by documentation, and she was receiving comparable and

- 5 -

discovery is over. Her last-minute effort to secure a discovery extension is unnecessary and particularly burdensome because the University's motion for summary judgment is due (and will be filed) on May 13, 2005.

For the reasons set forth herein, and in the University's April 27, 2005, letter to Plaintiff's attorney, Defendant Trustees of Boston University respectfully requests that this Court DENY Plaintiff's Motion to Extend the Time of Discovery.

                                          Respectfully submitted,

                                          TRUSTEES OF BOSTON UNIVERSITY,
                                          By its attorney,

                                          s/Lawrence S. Elswit
                                          Lawrence S. Elswit
                                          (BBO #153900)
                                          Boston University
                                          Office of the General Counsel
                                          125 Bay State Road
                                          Boston, Massachusetts  02215
Date:  May ___, 2005                     (617) 353-2326

---

    appropriate accommodations anyway.