UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LAYLA KIANI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TRUSTEES OF BOSTON UNIVERSITY, )<br>)<br>Defendant. )<br>) | **Exhibit 9**<br><br>CIVIL ACTION NO. 04-CV-11838-PBS |

### AFFIDAVIT OF STEPHEN G. MARKS

The affiant, Stephen G. Marks, being duly sworn, states:

1. I am a professor at Boston University School of Law. I have taught at the Law School since 1988.

2. The University's attorney has told me that Layla Kiani makes the following assertion:

> Professor Steve Marks told me that some people had remarked that "If we could make an example of Layla Kiani think of what we could do [] other students who are not disabled."

Response No. 9 to Defendant's First Set of Interrogatories Directed to Plaintiff.

3. I did not make that statement. It is completely false.

4. I was the Associate Dean for Academic Affairs between 1999 and the spring of 2003. Early in the last semester of my term, Professor Andrew Kull advised me that Ms. Kiani had plagiarized a paper in his class. I communicated with Professor Kull and then-Dean Ronald A. Cass. Dean Cass independently decided not to go forward with the case.

5.     I spoke with Ms. Kiani on a few occasions. I looked at primary source materials with her, and pointed out flaws in her paper. She had stitched quotations together without attribution. I was trying to figure out whether she actually intended to plagiarize or simply did not understand that what she was doing constituted plagiarism. I came to the conclusion that Ms. Kiani intended to submit a paper containing large blocks of text taken from the work of others, without attribution as required by the School of Law's Disciplinary Regulations.

6.     I believe that Dean Cass (who left the School of Law at the end of academic year 2003-04, and is now living in Virginia) declined to prosecute Ms. Kiani because he was sympathetic to the fact that she was struggling with serious disabilities. Putting aside the propriety of that humane and compassionate decision, I am convinced to a certainty that Ms. Kiani did in fact plagiarize the paper she submitted for Professor Kull's class.

Further affiant sayeth not.

Signed under the pains and penalties of perjury.

_____
STEPHEN G. MARKS

Date: May 9, 2005