UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Exhibit 15**

| | |
|---|---|
| LAYLA KIANI, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 04-CV-11838-PBS |
| TRUSTEES OF BOSTON UNIVERSITY, | ) |
| Defendant. | ) |

### AFFIDAVIT OF KATHARINE B. SILBAUGH

The affiant, Katharine B. Silbaugh, being duly sworn, states:

1. I am a tenured member of the faculty at Boston University School of Law, where I have taught since 1993. This year, I am also serving as the Associate Dean for Academic Affairs.

2. The University's attorney has told me that Layla Kiani's answers to interrogatories contain the following assertion:

> I again discovered discrimination during the spring semester of 2003 when I was taking family law with Professor Silbaugh and I saw a disabled student sitting in front of me with his stenographer.

Response No. 20 to Defendant's First Set of Interrogatories Directed to Plaintiff.

3. In the spring of 2003, I taught Family Law. One of my students was deaf. He was accompanied by an individual who typed, or transcribed, directly into his computer. This technology enabled the student to participate in the work of the classroom. If I asked the student a question, his transcriber typed it, and the text appeared on his computer screen. The student typed his answer, and the computer "spoke" the answer.

4. I did not participate in any decisions relating to the grant of accommodations for this student, who graduated in 2004.

5. Ms. Kiani plagiarized her paper in my Spring, 2003 Family Law course. I did not discover this at the time. My colleague, Professor William Ryckman, is the Dean's designee in academic discipline cases. During the course of his investigation into allegations that Ms. Kiani had plagiarized a paper she submitted to Professor Wendy Mariner, he reviewed all other available papers she had submitted during the course of her Law School career. He reviewed Ms. Kiani's paper in my Family Law class, compared it to the primary sources, and concluded that Ms. Kiani had, in fact, copied text verbatim from several published articles.

6. The Law School intended to charge Ms. Kiani with the offense of plagiarizing her paper in my Family Law class during the same proceeding in which she was found to have plagiarized in Professor Mariner's class. However, due to a clerical error, Ms. Kiani and her counsel did not receive a complete set of the materials Professor Ryckman had prepared (which should have included the marked-up Family Law paper and the sources from which Ms. Kiani had copied). Professor Ryckman realized the mistake a day or two before the proceeding was to begin, and decided not to go ahead with the case involving the Family Law paper.

7. Ultimately, Ms. Kiani was not charged with plagiarism in my class. I had already given her a grade of C- for that course before the plagiarism was discovered, based on a combination of the paper and an examination Since she was not charged, I did not have the opportunity to change her grade. If the Judicial Committee (the Law School body responsible for considering allegations of student misconduct) had considered whether Ms. Kiani plagiarized the paper she submitted to me, and had affirmed Professor Ryckman's (and my, belated) conclusion,

I would have exercised my right to change her grade in accordance with Article VII (9) of the Disciplinary Regulations, and given her an F.

Further affiant sayeth not.

Signed under the pains and penalties of perjury.

_____
KATHARINE B. SILBAUGH

Date: May 9, 2005