UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LAYLA KIANI, ) | **Exhibit 16** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 04-CV-11838-PBS |
| ) | |
| TRUSTEES OF BOSTON UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT OF MARK PETTIT, JR.

The affiant, Mark Pettit, Jr., being duly sworn, states:

1. I am a tenured member of the faculty at Boston University School of Law, where I have taught since 1977.

2. In this lawsuit, Layla Kiani makes the following assertion:

> Professor Mark Pettit conveyed to my University-appointed attorney that someone at the school made the comment that "there had been some regret in admitting me to the school. . . ." Professor Pettit said that the comment was made during several faculty meetings where the subject of my discipline came up.

Response No. 8 to Defendant's First Set of Interrogatories Directed to Plaintiff.

3. Although I do not specifically remember making remarks of that sort directly to Mr. Rosenfeld, I was a participant in conversations about Ms. Kiani's fitness for law school. She had taken two courses and an independent study project with me. She also was my full-time research assistant during the summer of 2001, and continued on a part-time basis during academic year 2001-02. Thus, I had a particular interest in her intellectual growth.

4. I spent a lot of time working with Ms. Kiani in an effort to help her understand legal research and legal reasoning. It is possible that the combination of compassion and enthusiasm for the task interfered with my ability to reach a rapid conclusion that she simply did not possess the intellectual ability that was necessary for a successful law student.

5. In the late spring of 2003, Professor William Ryckman informed me that Ms. Kiani had plagiarized portions of an independent research paper she had written under my supervision. I was devastated because, as her teacher and supervisor, I felt some personal responsibility for Ms. Kiani's legal development. I felt I had failed.

6. Subsequently, I was a participant in conversations with people who wondered whether she had been properly admitted to the Law School. Although she had a high undergraduate GPA, she had very low LSAT scores, and the quality of her work, coupled with multiple instances of plagiarism, made many of us wonder if it had been a mistake to admit her. It is certainly possible that I expressed those concerns to her attorney, Mr. Rosenfeld.

Further affiant sayeth not.

Signed under the pains and penalties of perjury.

_____
MARK PETTIT, JR.

Date: May 9, 2005