**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Exhibit 26**

C. A. NO. 04-CV-11838-PBS

| | |
|---|---|
| LAYLA KIANI | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| TRUSTEES OF BOSTON | ) |
| UNIVERSITY | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Pursuant to Rule 33 (b) of the Federal Rules of Civil Procedure and Rule (a) (3) of the

Massachusetts Rules of Civil Procedure, the Plaintiff hereby responds and objects to the

interrogatories of the Defendants, as follows:

### GENERAL OBJECTIONS

1. The Plaintiff objects to inquiries by the Defendants as to any communications

   protected by the attorney-client privilege and to any communications or

   materials protected under the work-product rule or similar rules protecting

   against the disclosure of information and/or legal theories, strategies or

   impressions.

f.  whether you were offered the position and, if you rejected the offer, the reasons for not taking the position; and

g.  whether you are in possession of any documents that reflect correspondence and applications for such applications.

**RESPONSE NO. 6:**
**Please see attached rejection letters. More will be provided as they become available.**

## INTERROGATORY NO. 7

Please identify the individuals who you claim "on several occasions intentionally made remarks such as that the Plaintiff was 'not intentionally up to' the Defendants' standards, " as set forth in Paragraph 73 of the complaint, and for each such individual, state the date on which that remark was made, to whom it was made, and the precise language that that individual used.

**RESPONSE No. 7:**
**My University-appointed attorney was told about the comment during "discovery". He was also told that the school wanted me out because I was "bringing down the school's ranking." Professor Rothman was the individual who informed my attorney about this comment made by others.**

## INTERROGATORY NO. 8

Please identify the professor who "remarked that there had been 'some regret admitting [you]' to the School," as set forth in Paragraph 74 of the complaint, and further, state the date on which the remark was made, to whom it was made, and the complete contents of the remark.

**RESPONSE NO. 8:**
**Professor Mark Pettit conveyed to my University-appointed attorney that someone at the school made the comment that "there had been some regret in admitting me to the school." The comment was made to my University-appointed attorney who represented me throughout the disciplinary proceedings**

in the course of his interviewing witnesses to testify at the September 12[th, 2003] hearing. Professor Pettit said that the comment was made during several faculty meetings where the subject of my discipline came up.

## INTERROGATORY NO. 9

Please state the basis for the assertion contained in Paragraph 75 of the complaint that "the Plaintiff's disability was a motivating factor in her exclusion from the JD program."

**RESPONSE NO. 9:**
**I believe that the Defendants in my original complaint, for reasons unbeknownst to me, had decided that they did not want a handicapped person like me to continue in the law school. Professor Steve Marks told me that some people had remarked that "If we could make an example of Layla Kiani think of what we could do other students who are not disabled."**

## INTERROGATORY NO. 10

Please state the basis for the assertion contained in Paragraph 81 of the complaint that "a Stenographer…was essential to [your] work."

**RESPONSE NO. 10:**
**I needed a stenographer because my hands are weak, spastic and I cannot write or type with the speed required to follow a professor's lecture. In 2000, I advertised on the Persian Radio, looking to hire a stenographer.**

## INTERROGATORY NO. 11

If you contend that the University applied the Law School Disciplinary Regulations to deprive you of a fair proceeding, please describe with particularity how your rights under the Disciplinary Regulations were violated.

**RESPONSE NO. 11:**
**I was not informed of my right to remain silent, verbally or in writing, leading to my decision to respond to every question asked of me during the judicial discipline proceedings. If I knew that I could remain silent, I would have placed the burden of proof on the University to establish my culpability.**

**By not being informed of my right, I exposed myself to liability simply by testifying.**

## INTERROGATORY NO. 12

Do you contend that the defendant University acted in bad faith during any of the

proceedings resulting in your dismissal? If so, please state:

    a.  the names of the individuals who acted in bad faith;

    b.  at what stage(s) of the proceedings the defendant University acted in bad faith;

    c.  the precise manner in which such bad faith was manifested.

**RESPONSE NO. 12:**

**a.**
**Name #1:  Christine Marx**
**Name #2:  Andrew Kull**
**Name #3:  Wendy Mariner**
**Name #4:  Allan Macurdy**
**Name #5:  Ronald Cass**

**b. The University acted in bad faith during all three stages of the proceedings.**

**c. First, before I was charged Professor Kull stated that he could see that I was "out of it", but he did not ask me why I was "out of it." When he found out that I was on medication, he told my University-appointed attorney that he never would have given me an "F" had he known that I was on medication.  No effort was made to rectify the situation once Professor Kull was aware that I had been on medication. Meanwhile, when I went to speak to Dean Marx about what was happening with Professor Kull, she placed her hands over her ears and told me: "I don't want to hear it Layla." Next, I was not informed of my right to remain silent during the proceedings because Professor Ryckman stated that I would have been informed of my right to remain silent had I met with him. But that was not the requirement for informing a person of the right to remain silent. Next, Professor Mariner waited until the end of the semester to bring the problems that she had with my papers to my attention. She stated that she did not bring the problem to my attention sooner because she did not recognize her own work.  Also, Professor Mariner decided to change my grade after the decision by the Judicial Discipline Committee, leading to I being dropped from the School, despite the fact that she was aware of the alleged "plagiarism" much earlier, in the spring of 2003.  Finally, when Dean Cass did not grant my petition for**

**reinstatement, he did so without investigating whether the Judicial Committee's decision was arbitrary and capricious.**

## INTERROGATORY NO. 13

If you believe that the Disciplinary Committee's findings were arbitrary or capricious, please state the basis for that belief.

> **RESPONSE NO. 13:**
> **After I was notified that the Judicial Committee decided to recommend to the faculty that I be not be reinstated, my University appointed -attorney asked the Judicial Committee for the basis of their recommendation. Their response was that they did not believe that I was sick enough and that my low grades were generally indicative of "who I was at the law school." Their findings were arbitrary and capricious because they are not qualified to make medical determinations.**

## INTERROGATORY NO. 14

Please list the name, business address, telephone number, and date of treatment for each physician, psychiatrist, psychologist and/or other health care provider from whom you have sought treatment for any disability, or any other physical, emotional or mental health problem or other condition related to any disability, or any other physical, emotional or mental health problem or other condition related to any disability from January 1, 1999, to the present.

> **RESPONSE NO. 14:**
> **Please see attached Authorization to Release Medical information forms.**

## INTERROGATORY NO. 15

List each hospital, clinic or other treatment facility at which you have sought treatment or to which you been admitted to treat any disability, or any other

## VERIFICATION

I, Layla Kiani, depose and say that I am the Plaintiff in this action; that I sign and answer these interrogatories under the pains and penalties of perjury this 30th day of March, 2005.

_Layla Kiani_
Layla Kiani

Date: March 30th, 2005

As to objections:

/S/ _____
Benjamin B. Tariri
(f/k/a Ben Tahriri)
343 Washington Street
Newton, MA 02458
Tel: (617) 965-1090
Fax: (617) 965-5020
BBO# 652042

## CERTFICATE OF SERVICE

I, Benjamin B. Tariri, Esquire, hereby certify
that I have this 31st day of March 2005,
served a true copy of the above document
upon the Defendants' attorney of record by
First Class Mail, postage prepaid.

/S/ _____
Benjamin B. Tariri, Esquire