UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. **04-CV-11838-PBS**

_____
LAYLA KIANI              )
         Plaintiff,   )
                          )
                          )   **PLAINTIFF'S**
TRUSTEES OF BOSTON       )   **MOTION TO COMPEL**
UNIVERSITY               )   **DISCOVERY**
         Defendants.  )
                          )
                          )
_____ )

Pursuant to Fed. R. Civ. P. 37 (a) (2) Plaintiff, Layla Kiani ("Ms. Kiani"), through her attorney, respectfully moves this Honorable Court to compel Defendants to produce certain documents and to properly answer certain interrogatories. Plaintiff is also moving for appropriate sanctions against Defendants for their failure to timely disclose the requested materials. As support for this Motion, Plaintiff provides the Court with a Memorandum.

**REQUEST FOR AN ORAL HEARING**

Plaintiff respectfully requests an oral hearing on this motion.

RESPECTFULLY SUBMITTED, this 26th day of May 2005.

Respectfully submitted,

**CERTIFICATE OF SERVICE**

I hereby certify that this 26th day of May 2005 a true copy of the enclosed documents was served upon Defendants' counsel, by mail, postage Prepaid.

/S/Benjamin B. Tariri, Esq _____
.

Layla Kiani, by her attorney
/S/ Benjamin B. Tariri
_____

343 Washington Street
Newton, MA 02458
Tel: (617) 965-1090
Fax: (617) 965-5020
BBO# 652042

# PLAINTIFF'S MEMORANDUM

PROCEDURAL BACKGROUND

According to the Honorable Judge's Order dated May 19, 2005, Plaintiff was allowed to submit a motion to compel within one week of the Judge's Order. Plaintiff is thereby filing this motion because she believes that in light of the gravity of the harm, bearing down on her, she will not be able to prosecute her case unless she can adequately gain access to the information that she is seeking.

**FACTUAL BACKGROUND**

In the spring of 2003, Defendants charged Plaintiff, a handicapped law student, with plagiarism. See Complaint, p. 4. Defendants then assembled a "Judicial Discipline Committee," which on September 12, 2003, convened and heard the case against Plaintiff. Plaintiff was not afforded her right to remain silent, as required in the Defendants' disciplinary regulations. In her complaint, Plaintiff had alleged that Defendants had breached their contract with her. See Id. Moreover, during the period of three years, which Plaintiff spent at Defendants' law school, she was also refused reasonable accommodations, in particular, Defendants denied her request for a stenographer. In her complaint, Plaintiff has alleged that Defendants have violated the provisions of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., P.L. 101--336, 104 Stat. 328 (1992); (2) § 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 (1988). See Complaint, p. 6.

On October 18, 2004, this Honorable Court set a deadline for discovery to end on April 29, 2005. Subsequently, however, Defendants submitted several motions to

dismiss. On Dec. 16, 2004, this Court made a final decision on the Defendants' Motions to dismiss, granting them in part and denying them in part. By February 7, 2005, Plaintiff had sent Defendants' attorney, the Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents. By assent of Plaintiff, Defendants responded on April 1, 2005. In their responses, Defendants had failed to completely respond or provide the requested information as required under Federal Rules of Civil Procedure 33 and 34. In fact, most of the hard-copy materials, which arrived in a large box, were documents, which Plaintiff already had in her possession. In a substantial and pervasive manner, Defendants had failed to respond to Plaintiff's questions and requests. Subsequent to a face-to-face discussion with Defendants' attorney concerning this matter, on April 26, 2005, Plaintiff's attorney handed Defendants' attorney Mr. Lawrence Elswit, a final demand for complete responses to Plaintiff's requests. See Exhibit A. This document contained the complete list of the interrogatories and Requests, which were not adequately responded to. Again, Mr. Elswit refused. Mr. Elswit then sent Plaintiff's attorney a letter, outlining his objections to Plaintiff's demands. See Exhibit B. For the most part, Defendants' attorney has argued that the information or documents requested were either "grossly burdensome" or "confidential [or] privileged." See Exhibit B. Plaintiff's attorney has agreed to narrow the scope of the questions and requests, however, the defendants' attorney has indicated that his clients are not willing to disclose any material contained in the discovery requests. Exhibits C and D contain Defendants' responses to Plaintiff's discovery requests.

The following is the list of the unanswered Interrogatories and Requests for Production of Documents, which Plaintiff is moving this court to compel their disclosure.

3

# UNANSWERED

# INTERROGATORIES

## INTERROGATORY NO. 10.

For the period of 1960-2005, identify the names and address of all Handicapped students and employees, and including therein the approximate number and percentage of handicapped students within each department of the University.

*Plaintiff has suggested that any student-related confidential information be blacked out prior to submission. This is a legitimate inquiry because its answer could conceivably illustrate whether the School has an unwritten policy of discrimination against handicapped persons. has discriminated against other handicapped students, and if so, whether Plaintiff's treatment was in violation of the school's written policy, which forms part of her contract with the school.*

## INTERROGATORY NO. 12

Identify each student or employee or faculty member who has been accused of plagiarism, for the period beginning in January 1940 and ending in December 2004, and include in your response the name, address and telephone number and action taken against each individual, the date of discovery of the plagiarism and the date of initiation of any such action and the date of the final disposition of such action, if any. In addition, if a student was involved in any plagiarism charge, include in your answer whether or not any action took place prior to issuing of any grades, and if not, if any grade was reduced and to what grade level, and include whether or not the person was terminated from the university, the names and address and identity of any persons who interviewed and or questioned the accused plagiarist on behalf of the University.

*The purpose of this question is to see whether there is an established policy for treating anyone who has been accused of plagiarism, and to see whether Ms. Kiani's treatment is indeed within the purview of this policy.*

## INTERROGATORY NO 14.

List and detail all disciplinary actions against students, faculty or employees and include therein, the disposition of the actions and identify therein all such incidents in which any form of complaint or disciplinary action involved medication of any kind and explain the

4

influence on the type of disciplinary action taken by the party being on medication at the time of the alleged conduct that resulted in the taking of disciplinary action.

*Although it is conceded that this interrogatory could have been phrased differently, its purpose is to extract any information regarding the established policy concerning the treatment of individuals under medication.*

### INTERROGATORY NO 21.

With respect to the document entitled "DISCIPLINARY REGULATIONS FOR ALL BUSL STUDENTS" in effect in January 2000: identify any parties or personnel who were consulted or who participated in the writing and adoption of these regulations. Include in your answer, the procedures used in the adoption of proviso, the number of drafts produced, the keeper of the record of those drafts and the date of any modification of and the identity of the keeper of the record of those drafts and orders of adoption.

*Plaintiff aims to gather information that could establish that the School's Regulations were indeed written by some of the very people who took part in the adjudication of Ms. Kiani's case, and that they had first-hand and intimate knowledge of its provisions. If this is so, then the issue of "the right to remain silent" can be addressed by reading the history of the Regulations, in order to fathom the importance and reasoning behind the inclusion of that provision in the Regulations.*

### INTERROGATORY NO 22.

Please describe in detail the exact steps taken from September 2000 to March 1, 2004, for discovering and investigating the Plaintiff's acts of alleged plagiarism by each and every agent, servant or employee of Defendants or acting at the request of or on behalf of Defendants (including but not limited to: Professors [whether full or assistant or associate, to wit: any educational instructor or assistants or staff of said instructors], Deans and Members of any Judicial Committee convened of, or concerning any allegation of violation of the "Disciplinary Regulations For All BUSL Students" and any supporting staff of these employees as it concerns any and all acts of alleged plagiarism by Plaintiff, include therein the days, date, time and procedure taken for issuing any grade, the days, date of entry of any grades as 'the grade' for the course, the days and date of entry of any change in any course-grade issued to Plaintiff due to plagiarism, include therein a description of any and all conversations between any and all of the aforementioned agents servants and employees of Defendants.

*Once again, it is conceded that this interrogatory could have been phrased more coherently. However, it is not impossible to construe the gist of the question. Its main purpose is to gain access to information, which could establish a pattern of*

5

*discrimination against Plaintiff. A timeline approach could also establish that the School indeed intended to eject Plaintiff from the school long before it actually charged her with any wrong doing.*

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 2

Any and all documents of any form or nature pertaining to the charging, adjudicating, suspending, and the eventual dropping of Plaintiff from the University.

*This is a legitimate request. Although Defendants have provided some documents, Plaintiff believes that there are more documents, which have not been produced.*

### REQUEST NO. 3

Any and all correspondence and/or writings of any kind, nature, or description whatsoever between and among Defendants, their employees, as well as with and any other entity concerning the disciplinary actions taken against Plaintiff.

*This is a legitimate request. Although Defendants have provided some documents, Plaintiff believes that there are more documents, which have not been produced.*

### REQUEST NO. 4

Any and all documents tending to show, showing, or relating in any way to the alleged plagiarism by Plaintiff.

*This is a legitimate request. Although Defendants have provided some documents, Plaintiff believes that there are more documents, which have not been produced.*

### REQUEST NO. 6

Any and all reports and all complaints of alleged misconduct made against Plaintiff by employees of Defendants, including but not limited to: Wendy Mariner, Andrew Kull, Christine Marx, Kate Silbaugh, Mark Pettit, and Ronald Cass.

*This is a legitimate request. Although Defendants have provided some documents, Plaintiff believes that there are more documents, which have not been produced.*

6

**REQUEST NO. 9**

Any and all forms of communications and/or documents, of, or concerning or made or received or produced in conjunction with any investigation by any servant, agent, or employee or anyway assisting or aid, help, or facilitate the making or production of any document, including but not limited to correspondence, reports, notes, memorialization of any meetings or calls or discussions, fax cover sheets, faxes, e-mails (including relevant computer hard drives), research, charge-related, or investigation-related or finding-related or sanction related materials of any kind or form relating to Plaintiff.

*This is a legitimate request. Although Defendants have provided some documents, Plaintiff believes that there are more documents, which have not been produced. For instance, Defendants have not provided any computer-related material concerning Plaintiff. Defendants have only produced a CD-ROM copy of the Judicial Discipline hearing of Sept. 12, 2003. No internal electronic communication or minutes of any meetings have been produced.*

**REQUEST NO. 13**

Any and all documents or communications containing to the charges drawn by the Dean and submitted to the Judicial Committee and to Plaintiff on any and all reports or complaints to the Dean as it concerns Plaintiff, and which resulted in the termination of Plaintiff from Boston University Law School.

*This is a legitimate request. Although Defendants have provided some documents, Plaintiff believes that there are more documents, which have not been produced.*

**REQUEST NO. 14**

Any and all documents or communications of any form as it concerns the selection by the Dean of the composite members of the Judicial Committee selected to serve and dispose of and/or hear charges brought against Plaintiff which resulted in the refusal to allow the Plaintiff to graduate with her class, and which resulted in her ultimate termination from Boston University Law School.

*This is a legitimate request. Plaintiff believes that Defendants possess documents in this area which have not been produced.*

**REQUEST NO. 15**

Any and all documents or communications of any form as it concerns the Judicial Committee's consideration of the effect of the Plaintiff's handicap and side effect of

medications being taken during the time Plaintiff was a student at Boston University Law School.

*This is a legitimate request. Plaintiff believes that Defendants possess documents in this area which have not been produced.*

**REQUEST NO. 16**

For the period of time from the passage of the Americans With Disabilities Act and the Rehabilitation Act of 1973, to the present (1973-2005), any and all documents as it concerns requests for any and all students who have made requests of, or concerning, accommodations which they asserted were essential to their academic pursuits, such as but not limited to access to private rooms to listen to class tapes and the utilization of stenographers, including therein, any and all documents and/or communications of any form whatsoever, including but not limited to notes, memoranda, faxes, e-mails, materials made, produced or stored on computer or other like such technology, including those documents or communications which demonstrate the processing of each such request and the disposition of each such request.

*This is a legitimate request because the document(s) could conceivably illustrate whether the School has an unwritten policy of discrimination against handicapped persons. has discriminated against other handicapped students, and if so, whether Plaintiff's treatment was in violation of the school's written policy, which forms part of her contract with the school. It will also produce evidence for her other claims.*

**REQUEST NO. 17**

For the period of time from the passage of the Americans With Disabilities Act and the Rehabilitation Act of 1973, to the present (1973-2005), any and all documents as it concerns any and all conduct which fell within "Disciplinary Regulations For All BUSL Students" in which defenses of effect of taking medication was raised and the disposition of all such complaints, including but not limited those in which no action was taken, to those which led to expulsion from the academic program.

*This is a legitimate request because the document(s) could conceivably illustrate whether the School has an unwritten policy of discrimination against handicapped persons. has discriminated against other handicapped students, and if so, whether Plaintiff's treatment by not taking into account the fact that she was under medication was in violation of the school's written policy, which forms part of her contract with the school. It will also produce evidence for her other claims.*

**REQUEST NO. 18**

For the period of time from the passage of the Americans With Disabilities Act and the Rehabilitation Act of 1973, to the present (1973-2005), any and all documents as it concerns any and all conduct which fell within the "Disciplinary Regulations for All BUSL Students" to the present, for any student who had a grade entered into the computer-and/or official records and subsequent thereto, had the grade changed to a Failure, include therein, all such documents or records in which the alteration of the grade led to expulsion of the student from the academic program.

*This is a legitimate request because the document(s) could conceivably illustrate whether the School has an unwritten policy of discrimination against handicapped persons. has discriminated against other handicapped students, and if so, whether Plaintiff's treatment was in violation of the school's written policy, which forms part of her contract with the school. It will also produce evidence for her other claims.*

### REQUEST NO. 19

For the period of time from the passage of the Americans With Disabilities Act and the Rehabilitation Act of 1973, to the present (1973-2005), any and all documents or communications concerning the admission, retention, accommodation, and disciplinary actions of all handicapped students, include therein all such documents or records in which a handicapped or disabled student was dropped for academic deficiency.

*This is a legitimate request because the document(s) could conceivably illustrate whether the School has an unwritten policy of discrimination against handicapped persons. has discriminated against other handicapped students, and if so, whether Plaintiff's treatment was in violation of the school's written policy, which forms part of her contract with the school. It will also produce evidence for her other claims.*

### REQUEST NO. 20

The complete transcript of any and all proceedings involving the matter of the Plaintiff's alleged plagiarism, including but not limited to, the Sept. 12, 2003 Hearing, and the minutes of the faculty meeting on February 23, 2004, regarding Plaintiff's Petition for Reinstatement as per correspondence sent to Plaintiff's attorney by Dean Cass dated March 1, 2004.

*This is a legitimate request. Defendants have only produced a CD-ROM copy of the Judicial Discipline hearing of Sept. 12, 2003. (and a partial transcript of the same hearing), Plaintiff believes that there are more documents, which have not been produced. For example, the minutes of the faculty meeting on February 23, 2004, has not been produced.*

9

**CONCLUSION**

Plaintiff moves this honorable court to compel Defendants to make full disclosure as required by Plaintiff's discovery requests. Plaintiff also asks the Court for appropriate sanctions against Defendants for their failure to timely disclose the requested materials.

RESPECTFULLY SUBMITTED, this 26th day of May 2005.

                                          Layla Kiani, by her attorney
                                          /S/ Benjamin B. Tariri

                                          _____
                                          343 Washington Street
                                          Newton, MA 02458
                                          Tel: (617) 965-1090
                                          Fax: (617) 965-5020
                                          BBO# 652042

.