UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAYLA KIANI,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br> TRUSTEES OF BOSTON UNIVERSITY,  )<br>  )<br>  Defendant.  )<br>  ) | CIVIL ACTION NO. 04-CV-11838-PBS |

DEFENDANT TRUSTEES OF BOSTON UNIVERSITY'S OPPOSITION
TO (1) PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND (2) PLAINTIFF'S MOTION TO EXTEND THE TIME FOR FILING A BRIEF
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On May 26, 2005, Plaintiff filed a motion to compel discovery. On May 27, Plaintiff filed a motion to extend the time within which to oppose the University's motion for summary judgment. This opposition responds, briefly, to both of these motions.

A.   Plaintiff's Motion to Compel Discovery.

On April 29, 2005, Plaintiff filed a motion to extend the time for discovery. On May 11, the University filed a Motion for a Protective Order and a Memorandum in Support. On May 19, the Court responded to the competing motions with an electronic Order:

> I agree that some of the discovery requests are overbroad. Any motion to compel should be filed within one week. During the 30-day extension for discovery, no new discovery requests/ interrogatories or notices of deposition shall be filed.

Plaintiff's motion for discovery articulates neither legal nor factual support for her claim that she needs additional information. She steadfastly clings to the idea that she is entitled to information dating as far back as 1960 (Interrogatory No. 10), 1940 (Interrogatory No. 12), and 1973 (Document Requests Nos. 16-19). Without articulating any evidentiary basis, she seems to

think that she may discover some pattern of discrimination.  But the remaining questions in this case related solely to whether Plaintiff—one individual—was treated in accordance with governing law and applicable University policy.

Plaintiff's argument in support of pursuing her document requests are based almost entirely upon the assertion that "Plaintiff believes that there are more documents, which have not been produced."  (Justification for Document Requests Nos. 2, 3, 4, 6, 9, 13, 14, 15, 20.)  (Emphasis added.)  Plaintiff is questioning the integrity of the University and its counsel by suggesting, with no basis whatsoever to support that suggestion, that documents are being withheld.  If Plaintiff has any basis for this highly offensive suggestion, she should articulate it immediately or withdraw it.

In all other respects, the University stands by its Motion for a Protective Order, which sets out more detailed arguments in support of its position.

> B. Plaintiff's Motion to Extend the Time for Filing a Brief in Opposition to Defendant's Motion for Summary Judgment.

Plaintiff's legal argument in support of her motion for an extension is limited to one paragraph.  The gist of that argument is that Plaintiff needs additional discovery.  She erroneously states that "the time for Plaintiff's service of such opposition is not ripe because the discovery period has not yet closed. . . ."  This is inaccurate:  On October 18, 2004, the Court set the discovery deadline for April 29, 2005, Rule 56 motions for May 13, and oppositions by May 27.

There is no reason to delay the resolution of this case.  Plaintiff relies on neither law nor logic in support of her motion and it should be denied.

For the reasons set forth herein, Defendant Trustees of Boston University respectfully requests that this Court DENY both of Plaintiff's motions.

                                      Respectfully submitted,

                                      TRUSTEES OF BOSTON UNIVERSITY,
                                      By its attorney,

                                      /s/Lawrence S. Elswit
                                      Lawrence S. Elswit (BBO #153900)
                                      Boston University
                                      Office of the General Counsel
                                      125 Bay State Road
                                      Boston, Massachusetts  02215
Date:  May 31, 2005               (617) 353-2326