UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAYLA KIANI

        Plaintiff,

v.                                           Civil Action No. 04-11838-PBS

TRUSTEES OF BOSTON UNIVERSITY,

        Defendants.

ORDER ON MOTION TO COMPEL (Docket #27)

SOROKIN, M.J.

Plaintiff moves to compel the defendants to respond to certain interrogatories and document requests, which motion Defendants oppose.

Plaintiff was a student at Boston University Law School ("BUSL") from 2000 until her termination by Defendants in 2003. In her complaint, she alleges that the defendants breached their contractual duties to her, and violated her rights under the Americans for Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

Interrogatories 10, 12, and 14 seek broad, general categories of information that, in some instances, date back over sixty years or have no time limitation at all. See Pl. Mem. at pg. 4 (Interrogatory No. 10 spans "1960-2005," No. 12 stretches from January 1940 through December 2004, and No. 14 has no time limitation). Some of these interrogatories seek information in order to find out *if* that information *suggests* a practice of improper treatment of, in plaintiff's words, "handicapped students," or whether Defendants treated Plaintiff in conformity with existing practices or policies. Pl. Mem. at pg. 4.

1

These interrogatories are far outside of limitations of discovery under Fed. R. Civ. P. 26(b). These requests are grossly overbroad in both time frame and scope; for example, Plaintiff seeks information about activities that not only date back to years before Plaintiff attended BUSL, but also years before Congress even enacted the statutes under which she sues. Moreover, Plaintiff's basis for seeking such information is purely speculative; Plaintiff argues that BUSL's answer "could conceivably illustrate" whether or *not* some improper activity may have occurred in the past sixty years. Pl. Mem. at pg. 4. Plaintiff's only offer of limitation is to black out any confidential material; she has neither suggested nor offered any limitation on the breadth of the requests. These interrogatories are barely related to the allegations in the complaint, and they are not "reasonably calculated to lead to admissible evidence." Fed. R. Civ. P. 26(b). The motion to compel is denied as to these requests.

Interrogatory # 21 seeks broad information about the drafting of the "right to remain silent" regulation, in order to "fathom the importance and reasoning" of the authors. Pl. Mem. at pg. 5. The disciplinary regulations are only relevant to the remaining breach of contract claim against the Trustees, and the regulations are only relevant as to whether Plaintiff was advised of her right to remain silent under the regulations. Who authored the regulations, and what the author(s) thought, are facts that are wholly irrelevant to Plaintiff's claims; accordingly, the motion to compel is denied as to Interrogatory No. 21.

As for Interrogatory No. 22, Plaintiff's objection to Defendant's response is unclear. Pl. Mem. at pgs. 5-6. Defendants state that they provided the information that this interrogatory seeks in their answers to the other interrogatories, as is permitted under Fed. R. Civ. P. 33(d). Plaintiff does not establish or explain what information has not been provided; rather, Plaintiff's

argument consists of a brief paragraph describing the relevance of the request. The motion to compel any additional response to this request is denied.

Plaintiff asserts she "believes" defendant has more documents responsive to Requests 2, 3, 4, 6, 13, 14, and 15. Pl. Mem. at pgs. 6-8. Plaintiff submits no evidence to support this blanket assertion. Plaintiff's mere speculation is insufficient in the face of Defendants' Response to the requests, in which they assert that they produced all responsive documents, and which position is reiterated in Defendants' Opposition to Plaintiff's Motion to Compel. Plaintiff's Motion to Compel any further response to these requests is denied.

Plaintiff similarly asserts that she "believes" Defendants have documents responsive to requests 16, 17, 18, and 19, in response to which defendants produced no documents. These requests, however, suffer from the same facially overbroad problems plaguing the interrogatories. Moreover, based on the complaint in this case, the argument that discovery dating back 40 plus years "could conceivably illustrate whether the School has an unwritten policy of discrimination against handicapped persons," does not warrant such sweeping discovery. Pl.'s Mem. at pg. 9 (explaining basis for Request #19 seeking all accommodation, retention, admission and disciplinary records regarding all handicapped students since 1973). Accordingly, Plaintiff's Motion to Compel responses to these requests is denied.

As for document Requests Nos. 9 and 20, Plaintiff again asserts her belief that Defendants failed to produce all responsive documents; here, however, she also explains the basis for her belief. Regarding Request No. 9, Plaintiff complains that Defendants have not provided any "computer-related material concerning" Plaintiff nor any "internal electronic communication or minutes of meetings." Pl. Mem. at pg. 7. Although Request No. 9 is unclear,

3

Defendants responded, subject to objection, with responsive documents. Certainly Plaintiff is entitled to copies of any responsive documents that exist only in electronic form; therefore, Defendants are Ordered to produce, in either paper or electronic form, responsive electronic documents that they have not previously produced or to clarify that, in fact, such documents have been produced.

As to Request No. 20, Plaintiff points to the minutes of the faculty meeting on February 23, 2004 as a responsive, unproduced document. Defendants' Response to this request specifically states that the minutes to this meeting were produced. To eliminate all doubt on this issue, Defendants are Ordered to produce (or produce again) a copy of these minutes to Plaintiff's counsel.

## CONCLUSION

WHEREFORE, the Motion to Compel is allowed insofar as defendants are ORDERED to supplement their responses to Document Requests Nos. 9 and 20 as set forth in this Order. In all other respects the Motion to Compel is denied.[1]

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

Date: June 13, 2005.

---

[1] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 10 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.