9.  I informed Ms. Kiani that a stenographer in class was not required. Her limited ability to take her own notes in class was sufficiently accommodated by a notetaker or by tape-recording the class. I concluded that she was capable of drawing information from the classroom and did not need a word-for-word transcript. At Boston University, students who cannot take notes (but are not hearing-impaired) are provided with alternative notes but are not entitled to a word-for-word transcription of the class. Her disability did not require a stenographer as an accommodation. My refusal to recommend a stenographer had nothing to do with whether or not she had had one as an undergraduate, but rather, my decision was based on whether it was clinically and academically supportable.

10. In addition, Ms. Kiani did not support her request for a stenographer with a recommendation from her health care provider. The Office of Disability Services requires students with disabilities to support their requests for accommodations with a letter, report or evaluation indicating why particular accommodations are recommended.

11. During our meeting, I was concerned that Ms. Kiani interacted with, and through, her mother, who attended our meetings. Their interaction impeded the conversation between Ms. Kiani and me. Not only were the conversations three-way, but the conversation between Ms. Kiani and her mother was conducted in her mother's native language. As a person with a disability, a practicing lawyer, and a member of the faculty, I am sensitive to anything that undermines a disabled person's credibility or independence. I was concerned that Ms. Kiani take responsibility and limit the amount of interaction with her mother during meetings.