UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. **04-CV-11838-PBS**

| | |
|---|---|
| LAYLA KIANI )<br>         Plaintiff, )<br>                       )<br>                       )        **PLAINTIFF'S**<br>TRUSTEES OF BOSTON )        **MOTION FOR LEAVE TO**<br>                       )        **AMEND COMPLAINT**<br>UNIVERSITY )<br>         Defendants. )<br>                       )<br>                       )<br>                       ) | |

Pursuant to Fed. R. Civ. P. 15 (a) and (c) and in accordance with Rule 7.1 (B) (1) Plaintiff, Layla Kiani ("Miss Kiani"), through her attorney, respectfully moves for leave of this Honorable Court to amend her Complaint, which she initially filed with the Massachusetts Superior Court on August 9, 2004. In her Motion, Miss Kiani is seeking to add a claim to her complaint, stating that Defendants also breached the covenant of good faith and fair dealing when they wrongfully charged her with plagiarism and ultimately expelled her from their school. As support thereof, Plaintiff provides the Court with a Memorandum, enclosed herewith.

### REQUEST FOR AN ORAL HEARING

Plaintiff respectfully requests an oral hearing on this motion.

RESPECTFULLY SUBMITTED, this 14th day of December 2005.

**CERTIFICATE OF SERVICE**
I hereby certify that this 14th day of December 2005 a true copy of the enclosed documents was served upon Defendants' counsel, by electronic Mail.
/S/ Benjamin B. Tariri

Layla Kiani, by her attorney
/S/ Benjamin B. Tariri

_____
128A Tremont Street
Boston, MA 02108
Tel: (617) 574-9080
Fax: (617) 574-9070

1

BBO# 652042

# PLAINTIFF'S MEMORANDUM

Plaintiff moves to amend her complaint by adding the following claim:

BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

1. Plaintiff reavers, realleges, and incorporates by reference the allegations contained in her original complaint, other than the counts, which have previously been dismissed, as if each had been separately set forth herein.
2. As a university, Defendant University had engaged in a contractual relationship with its student, Plaintiff.
3. Upon information and belief, by charging Plaintiff with plagiarism in the spring of 2003, Defendants have engaged in conduct designed to violate the terms of a contract with Plaintiff as a student of Defendant University.
4. Upon information and belief Defendant's procedural rules and regulations define plagiarism as "the knowing use, without adequate attribution, of the ideas, expressions, or work, of another, with intent to pass such materials off as one's own." <u>Disciplinary Regulations for All BUSL Students, Art. II, Section (e)</u>. Exhibit A.
5. Defendants knew full well that Plaintiff's actions were neither knowing, nor did she possess the requisite intent to plagiarize.
6. Despite evidence to the contrary, where at the September 12, 2003 hearing, Miss Kiani had repeatedly stated that she had never intended to plagiarize, and had produced sufficient evidence for being under the influence of medication called Phenergan, the Committee found her responsible for plagiarism.
7. Upon information and belief, one of Miss Kiani's professors, Mr. Kull, who testified at the hearing, had reviewed and examined her paper more than six times before her submission, and yet later claimed that she had plagiarized the same paper.
8. Upon information and belief Professor Wendy Mariner knew well in advance that Miss Kiani's mid-term paper contained improper citations, and graded her two papers based on her belief that Miss Kiani had plagiarized.
9. Upon information and belief Professor Wendy Mariner changed Miss Kiani's grade again to a F once she realized that Miss Kiani had not been expelled from the School.
10. Since her matriculation Miss Kiani had become the subject of discrimination by Defendants' refusal to reasonably accommodate her with her handicap needs.
11. During the disciplinary proceedings, Defendants failed to provide Plaintiff with a verbal or written document informing her of her right to remain silent.
12. Despite the high stakes of her case, Defendants failed to provide her with an impartial advocate.
13. By the above stated actions, the Defendants have breached the covenant of good faith and fair dealing, and consequently, as of the date of the original complaint caused Miss Kiani to incur monetary damages in the amount of approximately $185,562.00 plus interest, costs, and attorney's fees.

2

**FACTUAL & PROCEDURAL BACKGROUND**

In the spring of 2003, Defendants charged Miss Kiani, a law student who suffers from a severe form of Cerebral palsy, with plagiarism. See Complaint at 4. Miss Kiani, who had graduated Magna Cum Laude from the University of Texas, also suffers from dexterity handicaps due to her arthritis, resulting in a dramatic reduction in her ability to write with a normal speed. As a result, in the first weeks of her first year in law school, already buckling under the sheer amount of note-taking required of her in class, she asked for the assistance of a stenographer. She was flatly refused, and told that at the most, she would be provided with the same accommodations as she had in college. As a result of the course workload, Miss Kiani began taking a somnolence-inducing medication, which had a calming effect. The medicine Phenergan, however, also made her drowsy during the day, leading her to experience sleepiness during her classes as well as with her studies. Nonetheless, Miss Kiani successfully completed all her courses, up until her third year. In her third year of law school, Miss Kiani had written four term papers, which later became the subject of the plagiarism proceedings. This is despite the fact that Miss Kiani had sought help from her professors by asking them to review her term papers before she would submit her final drafts. For instance, one of her professors reviewed her paper at least "Six or Seven times" before she submitted her final draft to him. Exhibit C, Kull Dep. at 16. Despite his in-depth reviews of the term paper, and although Miss Kiani's final draft was "identical to the previous draft with a few pages added at the end," the professor never mentioned to her that any of her citations were improper. Id. In another instance, another professor had graded Miss Kiani's mid-term paper, although it contained "improper citations" and two months later graded her final paper. Exhibit D.

3

Mariner Dep. at 36. Ironically, the "improper citations" in the mid-term paper, were on the material, which was written by the very professor who was grading it. Id. at 42. As a result, the professor gave Miss Kiani a grade of D, acknowledging that she believed at the time, that Miss Kiani had committed plagiarism. See Id. at 43-44. Defendants then assembled a "Judicial Discipline Committee," which on September 12, 2003, heard the case against Miss Kiani. At the hearing, Miss Kiani was represented by a Defendants' employee, a faculty member. She was also not afforded her right to remain silent, as required in the Defendants' disciplinary regulations. Despite apparent committee's reservations as expressed in a memorandum and also the strong dissenting opinion, the Committee found Miss Kiani in violation of the School's disciplinary rules and suspended her for six months. See Exhibit B. At this point, Professor Mariner who had already given Miss Kiani a grade of D because she had believed that she had committed plagiarism, decided to further change her grade to a F. This single change of grade led Miss Kiani's GPA to fall below what was permissible by the School, rendering her dropped from the School's J.D. program.

Following a Summary judgment Motion by Defendants, on November 28, 2005, this Court granted the Defendants' Motion.

**LEGAL ARGUMENT**

Rule 15 (a) of the Federal Rules of Civil Procedure allows a plaintiff to seek the Court's permission to amend its complaint. According to the Rules, "leave [to amend] shall be freely given when justice so requires." Id. Moreover, Rule 15(c) provides for the "relation back" of amendments to the original pleading under certain circumstances. Fed.

4

R. Civ. P. 15(c)(2). Relation back is permitted when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Id. Miss Kiani's claim of breach of covenant of good faith and fair dealing arises from the same conduct as alleged in the original complaint. Under the Res Judicata rule, unless she is allowed to amend, she will be eternally deprived of her chance to seek justice in the halls of this Court.

Some courts have required that in addition to the requirements set forth in Rule 15, in certain instances, the more stringent "good cause" standard under Fed. R. Civ. P. 16(b) should apply. See O'Connell v. Hyatt Hotels of Puerto Rico, 02-1571 (1st Cir. 2004). However, this standard is inapplicable to the case at hand. Unlike the Plaintiff in Hyatt, here, Miss Kiani, hereby agress to not conduct any further discovery. In another case, this Court has epxressed its displeasure at belated motions and has frowned upon such motions. See e.g., Steir v. Girl Scouts of the USA No. 04-1012 (1st Cir. 09/03/2004) (" Particularly disfavored are motions to amend whose timing prejudices the opposing party by "requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy . . . .").quoting Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 52 (1st Cir. 1998). Empahsis in original.  However, the Court in Hilton has also held that "Prejudice to the opposing party remains relevant but is not the dominant criterion." Id. In this case, at most, the Defendants' prejudice if any, may be to file a separate motion for summary judgment if they wish to. The stakes on the other hand are extremely high for Miss Kiani.

Under Massachusetts law, "[t]he covenant of good faith and fair dealing is implied in every contract." <u>UNO Rests., Inc. v. Boston Kenmore Realty Corp.</u>, 805 N.E.2d 957, 964 (Mass. 2004). There is no dispute that a valid contract existed between the parties.

Even if the good-cause standard of Rule 16(b) were to be applied here, Miss Kiani should still be permitted to amend her complaint. First, at the time of the filing of her complaint, although she believed that Defendants had planned to eject her from the School, even before the empanelling of the Judicial Discipline Committee, she did not have specific knowledge of the Defendants' motives. During the deposition of two of the Defendants' employees, Mr. Kull and Mr. Mariner, it became apparent to her that the Defendants had indeed planned to eject her via whatever means necessary. In fact, as it appears, it was ultimately left to Profoessor Mariner to ensure that Miss Kiani did not remain at the school. In the most egregious example of a display of bad faith, Professor Mariner effectuated this goal by changing her grade. At her deposition, Ms. Mariner testified that in the spring of 2003, she believed that Miss Kiani had committed plagiarism. <u>See</u> <u>Exhibit</u> D. Mariner Dep. at 36 and 42. Ms. Mariner also testified that she believed that at the time of their submission of the two papers to her were, both papers were "plagiarized" because excerpts from her own work had appeared without proper attribution. However, despite her strong belief that she was grading two plagiarized papers, she gave Miss Kiani the grade of D. It was about six months later that Ms. Mariner chose to regrade and gave her the grade of F.

Another evidence of bad faith is the decision by the Judicial Discipline Committee proceedings. There, strong evidence was presented concerning the influence

6

of the medicine, which she was under. Professor Kull testified that "there were times during the seminar in which she seemed to be either sleeping "out of it." Emphasis in original. Committee Memorandum, Exhibit B. at 3. The Committee further observed that the medicine "interfered to some extent with her cognitive functions and may have contriubted to diminished judgment on her part." Id. at 4. Finally, there were also concerns about Miss Kiani's intent to plagiarize, which was not proven by clear and convincing evidence. See Id. Yet, despite the overwheliming evidence pointing to Miss Kiani's lack of guilt, the Committee decided to suspend Miss Kiani.

In Abbariao v. Hamline University School of Law, 258 N.W.2d 108 (1977), where a student sought an injunction reinstating the student at the university until an opportunity was given to contest charges, the court ruled that if a student's expulsion resulted from the wrongful actions of the school, the courts will get involved. Similarly, in the current motion, Miss Kiani argues that the actions of the Defendants were in bad faith and that the decision to eject her from the program was arbitrary and capricious.
.
**CONCLUSION**

Plaintiff moves this Honorable Court to allow her motion to amend her Complaint.  The new claim relates back to the occurrence as alleged in the original complaint. Unless Miss Kiani is given an opportunity to amend her complaint, she will be forever foreclosed from seeking justice on this matter. There is ample evidence to suggest that the employees of Defendants acted in bad faith and their actions were not fair by any means. Plaintiff also asks the Court for any other relief it deems just.

7

8

RESPECTFULLY SUBMITTED, this 14th day of December 2005.

                                             Layla Kiani, by her attorney
                                             /S/ Benjamin B. Tariri

                                             _____

                                           128A Tremont Street
                                           Boston, MA
                                           Tel: (617) 574-9080
                                           Fax: (617) 574-9070
                                           BBO# 652042

ATTORNEY CERTIFICATION PURSUANT TO LOCAL RULES 7.1 (A)

(2)

I, Benjamin B. Tariri, Esq., hereby certify that on December 13, 2005, in good faith, I conferred with Attorney Elswit, attorney for Defendants Trustees of Boston University, concerning the Plaintiff's Motion to amend the complaint. The Defendants' attorney did not consent to my request for such amendment.

/S/ Benjamin B. Tariri, Esq.

_____
128A Tremont Street
Boston, MA
Tel: (617) 574-9080
Fax: (617) 574-9070
BBO# 652042

9