# United States Court of Appeals
## For the First Circuit

No. 06-1213

**MANDATE**

LAYLA KIANI,

Plaintiff, Appellant,

v.

TRUSTEES OF BOSTON UNIVERSITY,

Defendant, Appellee,

RONALD CASS, ET AL.,

Defendants.

---

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

---

**JUDGMENT**
Entered: July 31, 2006

Appellant, Layla Kiani, appeals from an order of the United States District Court for the District of Massachusetts granting summary judgment in favor of appellee, the Trustees of Boston University, and from the court's denial of appellant's request for leave to amend her complaint. The appellee has moved for summary disposition. Because we conclude that the appellant's appeal presents no substantial question, we summarily affirm judgment below. See 1st Cir. R. 27(c).

We have reviewed the grant of summary judgment de novo, viewing the facts in the light most favorable to the appellant, see States Res. Corp. v. Architectural Team, Inc., 433 F.3d 73, 80 (1st Cir. 2005), and we affirm largely for the reasons stated in Magistrate Judge Sorokin's November 10, 2005 Report and Recommendation, which the district court adopted on November 28,

2005. We add only that appellant's argument that her Rehabilitation Act claim should have been considered timely under the theory of serial violation fails because she is unable to identify a single actionable violation that occurred within the limitations period. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 7 (1st Cir. 2005).

Furthermore, the district court did not abuse its discretion in denying appellant's request for leave to amend her complaint. Even though the request justifiably could have been denied on timeliness grounds, we have reviewed the merits of appellant's proposed claim for breach of the implied covenant of good faith and fair dealing and conclude that the claim would have been futile. See Steir v. Girl Scouts, 383 F.3d 7, 12 (1st Cir. 2004). In particular, we have determined that the appellant has not provided sufficient evidence to establish that the appellee offered pretextual justifications or otherwise acted unfairly in connection with the notification to the appellant of her right to remain silent, including its refusal to take corrective measures after failing to obtain a signed statement. See Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 473 (1991).

Accordingly, we grant the appellee's motion and summarily affirm the judgment below in all respects. See 1st Cir. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

M. Powell
Deputy Clerk
Date: 8/22/06

MARGARET CARTER

By: _____
    Chief Deputy Clerk.

[cc: Benjamin B. Tariri, Esq., Lawrence S. Elswit, Esq.]